Weygandt, C. J.
 

 It is not disputed that both a prosecuting attorney and a commissioned officer in the active military service of the United States are holders of public offices.
 
 State, ex rel. Cooper,
 
 v.
 
 Roth,
 
 140 Ohio St., 377, 44 N. E. (2d), 456.
 

 The question here involved is whether on January 1, 1941, the relator as a commissioned officer in the active military service of the United States was eligible to qualify for the office of prosecuting attorney of Logan county.
 

 The relator places reliance on the following provisions of Sections 2397-1 and 2397-2, G-eneral Code:
 

 “Whenever any county officer shall be absent from the county for ninety consecutive days, except in case of sickness or injury as hereinafter provided, his office shall be deemed vacant and the county commissioners shall declare a vacancy to exist in such office.
 

 “Such vacancy shall be filled in the manner provided by law.”
 

 “Whenever any county officer is absent from the county because of sickness or injury, he shall cause to be filed with the county commissioners a physician’s certificate of his sickness or injury; and if such certificate is not filed with the commissioners within ten days after the expiration of the ninety consecutive days of absence from the county, his office shall be deemed vacant and the county commissioners shall declare a vacancy to exist in such office.
 

 “Nothing contained in this' act shall apply to a'
 
 *15
 
 county officer while in the active military service of the United States.”
 

 However, the relator’s status on January 1, 1941, was not affected by these provisions inasmuch as they did not become effective until July 21, 1941 — nearly seven months after he ' attempted to qualify for the office of prosecuting attorney.
 

 The relator relies, too, on the decision of this court in the case of
 
 State, ex rel. Clinger, Pros. Atty.,
 
 v.
 
 White et al., Bd. of County Commrs.,
 
 143 Ohio St., 175, 54 N. E. (2d), 308. But that decision was based on the provisions of Sections 2397-1 and 2397-2, General Code,
 
 supra.
 
 Furthermore, it is important to note that the relator in that case duly qualified for the office and served in that capacity until more than four months after the effective date of the foregoing statutes. He,' of course, was entitled to the benefit of the new provisions.
 

 The relator relies also on the provisions of Section 2910, General Code, which read as follows:
 

 “No person shall be eligible as a candidate for the office of prosecuting attorney, or be elected thereto, who is not an attorney and counsellor at law, duly licensed to practice in this state. No prosecuting attorney shall be a member of the General Assembly of this state, or mayor of a city or village. No county treasurer, county auditor, county recorder, county surveyor, or sheriff, shall be eligible as a candidate, for, or elected to, the office of prosecuting attorney.”
 

 The relator contends that by implication this enumeration completes the list of those ineligible to hold the office of prosecuting attorney. This court is of the opinion that this view is not sustained by the contest. There obviously are many additional public offices whose incumbents could not at the same time hold the office of prosecuting attorney.
 

 Was the relator eligible to qualify for the office of
 
 *16
 
 prosecuting attorney on January 1, 1941? He already held and continued to hold a commission for the office of captain in the active military service of the United States. Furthermore, this military office was one of which he could not divest himself by his own act without the concurrence of another authority. These circumstances constitute an exception to the general rule that the acceptance of a second office effects the abandonment of the first. In the annotation in 100 A. L. R., 1179, it is said:
 

 “It seems that where the office first- held cannot be resigned by the officer, the second office, and not the first, is the one which he loses, since an officer who does not have the power to resign should not be permitted to effect in one way that which he cannot accomplish in another.”
 

 The relator not only had no opportunity to perform any of the duties of the office of prosecuting attorney but if he had had such an opportunity and had found the duties of the two offices in conflict, he would have been under obligation to conform to the requirements of his military duties and subordinate those of his civil office. This is one of the most important tests of incompatibility of offices. 42 American Jurisprudence, 937, Section 71; 32 Ohio Jurisprudence, 908, Section 48.
 

 Hence, on January 1, 1941, the relator was not eligible to qualify for the office of prosecuting attorney, and his petition contains no allegation that he even attempted to qualify for his second term on January 1, 1945. Under these circumstances the relator at no time held the office and consequently is not entitled to the salary therefor.
 

 The respondents’ demurrer to, the relator’s petition-.is sustained and the writ of mandamus is denied.
 

 Writ denied.
 

 
 *17
 
 Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.