**ALLISON, Plaintiff, v. BAYNES, Defendant.**

Common Pleas Court, Madison County.

No. 19489.   Decided January 7, 1953.

Joseph S. King, Plain City, S. E. Robison, Frank J. Murray, London, Charles Crabbe, Columbus, J. Robert Tanner, D. H. Jackman, Harold H. Sparling, London, Robert E. Wright, Mt. Sterling, for plaintiff.

Gerald A. Baynes, for defendant.

## OPINION

By BELL, J.

The plaintiff in this case is employed as a full time deputy sheriff. The defendant is a practicing attorney, and a member of the County Bar Association and presently occupies the office of Justice of the Peace. Plaintiff was appointed a "Special Constable" by defendant to serve summons in a Forcible Detention case and to execute a warrant in a Bastardy case.

In both instances the Return of process was made by plaintiff, as "Special Constable" and fees taxed according to the allowance provided by statute. The costs in the cases have been paid to the defendant, who, on demand of plaintiff, refused to pay them to his appointed "Special Constable," declaring his intention to pay them into the Sheriff's fee fund, by reason of Attorney General of Ohio Opinion No. 2853 of 1934, v. II, p. 899, as regards the civil process and Opinion No. 3846 of 1922, v. II, p. 1058, with regard to the criminal process.

The facts are conceded. There is no constable duly elected and qualified in the Township in which the defendant holds office as Justice of the Peace. **Sec. 3331 GC,** makes provision for the appointment of a constable for a special purpose. **Sec. 3333 GC** provides that the Justice of the Peace and his sureties shall be liable as surety for any neglect of duty or illegal proceedings on the part of such "Special Constable." **Sec. 3347 GC** provides for constable's fees for service actually rendered and expenses incurred in rendering them.

It is and has been the policy of the defendant to appoint only full time deputy sheriffs of Madison County to serve as "Special Constables" as complaints or Bills of Particulars have been filed in his court.

The dockets, both civil and criminal, disclose that there were a total of 166 cases in the three calendar years 1949-1951, and in 1952, between January 1st and August 15th, 20 cases. In no case where a warrant was issued did the personnel of the Sheriff's office sign the affidavit or complaint, or participate in any investigation or otherwise have any connection whatsoever with the fact that the proceedings were instituted.

It also appears that the average cost bill, including mileage allowance for service and return is about $3.50. Each of the "Special Constables" has his own private automobile for use in the service of process.

It is apparent from the foregoing facts that the employment as "Special Constable," insofar as the deputy sheriffs affected are concerned, is casual, irregular and occasional.

The question of whether any two offices are compatible or incompatible frequently appears in the published opinions of

the Attorney General. The opinions are often irreconcilable. There is, however, a definite and plainly discernible trend where the question relates to ministerial offices, and this is especially true where one office is a regular hour office and the other is casual, irregular or occasional employment.

The test of incompatibility is stated:

"Offices are incompatible when one is subordinate to, or in any way a check upon the other, or where it is physically impossible for one person to discharge the duties of both."

State v. Gebert, 12 OCC (ns) 275.

Applying the tests to the instant facts, there can be no doubt that the office of Deputy Sheriff and that of Special Constable are independent and not subordinate. The appointing officer, the Sheriff or the Justice of the Peace, are independent of each other. One is in no way a check on the other. Likewise it appears that where the serving as special constable is casual, irregular or occasional, as it is in this case, that it is not impossible physically to discharge the duties of both offices.

Repeatedly the opinions of the Attorney General hold there is no question of constitutional or statutory restraints imposed with regard to instant situations. Logically this reduces the matter to questions of fact and not of law.

Does the instant question raise meritorious questions of public policy. We do not believe so. It is common knowledge that in this community this situation has been a common practice for many years. It has been necessary and beneficial to the operations of the Justice of the Peace courts, which are necessary elements of our judicial system, many proceedings must be commenced in that court and many others are cognizable only in that court. Furthermore there has been no abuse in the appointment of special constables, that has ever come to the attention of this court. It might well be said that any practice which tends to the efficiency in the operation of these magistrates' courts should be aided and not restricted.

Attorney General's Opinion No. 1683 of 1950, syl. 4, holds that a police chief or police officer of a village, a salaried office, is authorized to receive and hold for his own use fees and costs taxed in State cases in the Mayor's court, where the officer has performed services for which fees may be taxed. This is apparently true despite the fact that there are many instances where there are or may be same or similar village ordinances covered by state statutes.

We believe that Opinion No. 6305 of 1943, clearly sets forth the applicable rule and right reasoning covering the instant question. The syllabus states that the position of Deputy Sheriff and Inspector of Nuisances are not incompatible, unless

it is physically impossible for one person to faithfully and efficiently discharge the duties of both employments.

The discussion cites §11 GC, saying that it will be observed that this section does not make specific reference to a deputy sheriff or one who serves as an inspector of nuisances. That such offices are not prohibited to the same person by any statutory or constitutional provisions and cites the Gebert case, supra. That a deputy sheriff receives instructions from the sheriff, a nuisance inspector from the County Commissioners, so whatever instructions are given the employee would emanate from different sources. That the one employment would not be subordinate or in any way a check upon the other, or that any inconsistency could come about. That presumably the time which is required to be given as a nuisance inspector does not prevent such deputy from also performing his duties to the satisfaction of the sheriff. Further the opinion says:

"To say that the offices are incompatible under those circumstances would be tantamount to holding as a matter of law, the entire time of the deputy sheriff belongs to the sheriff. I am unable to find any reported decision to that effect."

Opinion No. 3846 of 1922, relies on the language of §13500 GC, which provided, "The warrant shall be directed to the Sheriff or any constable." This section is now §13432-19 GC, and provides, "A warrant shall . . . . command the officer to whom issued . . . ." Whether as a matter of law, the conclusion of this opinion was or was not valid, it appears as the section now reads that a Justice of the Peace has the sole and absolute discretion to direct the warrant to any proper officer. And if a Deputy Sheriff may, ordinarily serve as a special constable, as a matter of law it is immaterial whether the process issued by the Justice of the Peace is a "Summons" or a "Warrant."

The Court therefore is of the opinion that under the facts of this case, the plaintiff may be lawfully appointed as a "Special Constable" by the defendant; and that plaintiff is entitled to receive for his own use the lawful fees and costs taxed by the defendant and received by him, payable to such special constable.

Counsel may prepare an entry accordingly.

Entry filed January 16, 1953.

This day this cause came on to be heard on the pleadings and the evidence and the court being fully advised in the

premises finds and declares that plaintiff is entitled to a declaration and judgment as follows:

A regularly employed salaried deputy sheriff may lawfully serve casually, irregularly or occasionally as a special constable by appointment of a Justice of the Peace, there being a vacancy in the office of constable in the Township in which such Justice of the Peace is elected and qualified; that costs lawfully taxed and collected for services rendered by such special constable in civil process or criminal process, where such special constable neither files or procures a complaint to be filed, are payable by such Justice of the Peace to such special constable for his, the plaintiff-special constable's, sole use and should not be paid by such Justice of the Peace to the Sheriff's fee fund in any such case or cases; it being the opinion of the Court that Attorney General of Ohio Opinion's No. 2853 of 1934 and 3846 of 1922 are not controlling under the facts plead and the evidence in this case.

Costs paid. Complete record.