PISTOLE ET, PLAINTIFFS, *v.* WILTSHIRE, DEFENDANT.

Common Pleas Court, Scioto County.

No. 47386. Decided December 29, 1961.

526

*Mr. Everett Burton*, prosecutor, and *Mr. Ernest G. Little-ton*, for defendant.

THOMPSON, J. This case is before this Court for a declaratory judgment in a petition by Forrest Pistole and Otha Horsley as two of the members of the Board of Trustees of Washington Township as plaintiffs against Chleo S. Wiltshire the third member of the Board of Trustees as the defendant.

The petition alleges that the defendant has been appointed

a deputy sheriff of Scioto County and is presently serving in that capacity, and that on June 27, 1961, the Attorney General of the State of Ohio in Opinion No. 2311 issued to the Prosecuting Attorney of Guernsey County, declared the office of Member of Board of Township Trustees and the office of Deputy Sheriff incompatible.

Inasmuch as the plaintiffs would have a duty to fill the vacancy created, if there was a vacancy on the Board of Trustees of Washington Township by reason of the defendant accepting and holding the position of deputy sheriff, they have asked for a declaratory judgment determining the compatibility of the two offices or positions and for a determination of the legal rights, status and relation of the defendant as deputy sheriff and as member of the Board of Trustees of Washington Township.

To the plaintiffs' petition the defendant filed an answer admitting the facts alleged in the petition pertaining to his holding the two positions, but denying that they are inconsistent or incompatible, and further claiming that the position of deputy sheriff is not a public office, but is a position of public employment under the control, supervision and direction of the Sheriff of Scioto County. The defendant also prays for a declaratory judgment.

The case was submitted by stipulation of the parties to the Court for determination upon the facts set forth in the plaintiffs' petition and the defendant's answer.

In determining whether or not two positions or offices may be held by one person, we are first bound by statutory prohibitions and second by common law. The only statute on the subject is Section 3.11, Revised Code, which provides:

"No person shall hold at the same time by appointment or election more than one of the following offices; Sheriff, County Auditor, County Treasurer, Clerk of the Court of Common Pleas, County Recorder, Probate Judge, and Justice of the Peace."

It is obvious from reading this statute that the office of Township Trustee and Deputy Sheriff are not included in the statutory prohibition.

We must consider next whether the positions are compatible under the common law.

Section 311.04, Revised Code, provides for the appointment of deputy sheriffs as follows:

"The sheriff may appoint, in writing, one or more deputies. Thereupon such writing shall be filed by the sheriff with the clerk of the court of common pleas, who shall enter it upon the journal of such court. The clerk's fees for such filing and journal entry shall be paid by the sheriff. Each deputy so ' appointed shall be a qualified elector of such county, except that in cases of emergency the sheriff may request of the sheriff of another county the aid of qualified deputies serving in such other counties of the state, and if the consent of the sheriff of such other county is received, the deputies while so assigned shall be deemed to be the deputies of the sheriff of the county requesting aid. No judge of a county court or mayor shall be appointed a deputy."

The difficulty in arriving at a proper answer to the questions before us results from the fact that we have but very few judicial decisions in Ohio to guide us on the question of compatibility of various offices. We do have a large number of opinions of the Attorney General, some of which seemingly are in conflict with each other. Although we are not bound in our decision by any of the opinions of the Attorney General we do look to them for suggestions as to what law has been followed in rendering those opinions.

The fundamental rule of law in Ohio and the one upon which all opinions and decisions are predicated, is the rule stated in the case of *State, ex rel. Attorney General,* v. *Gebert,* 12 C. C. (N. S.), 274, as follows:

"Offices are considered incompatible when one is subordinate to or in any way a check upon the other, or when it is physically impossible for one person to discharge the duties of both."

The Attorney General in Opinion No. 2311 rendered on June 27, 1961, while recognizing the above rule, concluded that because of Section 505.441, Revised Code, which reads as follows:

"In order to obtain police protection, or to obtain additional police protection in times of emergency, any township may enter into a contract with one or more townships, municipal corporations, or county sheriffs upon such terms as are

agreed to by them, for services of police departments or use of police equipment, or the interchange of the service of police departments or use of police equipment within the several territories of the contracting subdivisions, if such contract is first authorized by respective boards of township trustees or other legislative bodies.

"Section 701.02, Revised Code, so far as it is applicable to the operation of the police departments, applies to the contracting political subdivisions and police department members when such members are rendering service outside their own subdivision pursuant to such contract.

"Police department members acting outside the subdivision in which they are employed may participate in any pension or indemnity fund established by their employer to the same extent as while acting within the employing subdivision, and are entitled to all the rights and benefits of Sections 4123.01 to 4123.94, inclusive, Revised Code, to the same extent as while performing service within the subdivision.

"Such contract may provide for a fixed annual charge to be paid at the time agreed upon and stipulated in the contract." that,

"Since it could be difficult for a town-ship trustee to exercise independent judgment when contracting with the county sheriff to obtain police protection for the township which he serves, if at the same time such trustee is a deputy sheriff, I conclude that a conflict of interest exists between the two positions.

"Accordingly, it is my opinion and you are advised that one person may not simultaneously serve as a member of a board of township trustees and as a deputy sheriff in the same county."

Without deciding whether or not a deputy sheriff is a public officer or a public employee, the Attorney General over the years has decided in several opinions that a deputy sheriff could not at the same time hold another position. In Opinion No. 2853-1934, it was held that a full time deputy sheriff may not legally be employed as county attendance officer or a probation officer in Juvenile Court. In opinion 663, year 1917, it was held that a deputy sheriff of a county may legally serve

as Chief Probation Officer where he is appointed without salary and receive only his expenses, such as livery hire, etc.

In many cases where the Attorney General has held that the position of deputy sheriff was incompatible with some other position it has been based not upon any inconsistency in the positions, but upon a finding that a deputy sheriff on full time salary could not physically perform the duties of the other office. In other words, the ruling was based upon a conclusion of fact rather than a conclusion of law.

However, in Opinion No. 6305—year 1943, the Attorney General held that the position of deputy sheriff and inspector of nuisances are compatible and may be held by the same person unless it is physically impossible for one person to discharge faithfully and efficiently the duties of both. In this opinion after the Attorney General concluded that the positions of deputy sheriff and nuisance inspector were not subordinate to each other, or in any way a check one upon the other, he further stated:

"A deputy sheriff serves at the pleasure of his principal. Presumably in this instance the time which is required to be given to the position of nuisance inspector does not prevent such deputy from also performing his duties to the satisfaction of the sheriff. To say that the offices were incompatible under those circumstances would be tantamount to holding, as a matter of law, the entire time of the deputy belongs to the sheriff. I am unable to find any reported decision to that effect."

In the case of *Allison* v. *Baynes*, 65 Ohio Law Abs., 495, decided by Judge Bell of the Common Pleas Court of Madison County, it was held that a regularly employed salaried deputy sheriff may lawfully serve casually, irregularly, or occasionally as a special constable by appointment of a justice of the peace. The Court implied that it was adopting the rule that it was a question of fact rather than a question of law as to whether the full-time deputy sheriff could physically discharge the duties of two positions.

By Section 505.24, Revised Code, township trustees are restricted to compensation for a certain maximum number of days each year, or in other words, it is a "part-time" job.

Therefore, unless we can say that deputy sheriff owes all of his time to his employment we cannot reach the conclusion that the two positions are incompatible by reason of it being physically impossible to perform both jobs. Except in cases of emergency it seems to be customary for deputy sheriffs, at least in this county, to work certain specified shifts of so many hours the same as employees in any other field. It is very probable therefore, that a deputy sheriff could perform his duties as township trustee during the hours that he is off duty, and under those circumstances we could not conclude that it would be physically impossible for him to perform the requirements of both jobs. Therefore, if the two jobs are incompatible it must be because one is subordinate to the other, or one is a check upon the other, or that there is some inconsistency in the two. Obviously one is not subordinate to the other because they are in entirely different fields. The township trustees are elected and responsible only to the people who elect them. The deputy sheriff is appointed by the sheriff who is likewise elected, he serves at the pleasure of the sheriff, and is directly responsible to him and takes his orders from him. Neither of the positions are subordinate to the other and neither serves as a check upon the other.

What then is the inconsistency, if there is any, that would make the two positions incompatible? The Attorney General in his opinion says that it arises because of Section 505.441, Revised Code. Does this statute make the two positions incompatible?

In an opinion, No. 5565, rendered by the Attorney General on August 1, 1955, it was held that the office of township trustee and director of public safety in a city located in the township are compatible and may be held by one and the same person. In this opinion it was stated that:

"In order to come within the duality rule involved, each of the positions must be an 'office' in the statutory sense and as defined by the Court."

The defendant also raises this question by his answer in this case. I am not able to find any judicial authority for this statement, and in view of the numerous opinions of the Attorney General over the years holding certain positions incom-

patible when they did not meet the requirements of a "public office," I am a little hesitant now to hold that this rule applies in all cases. I do feel, however, that it is important in the consideration of whether one office is subordinate to the other, is a check upon the other, or is inconsistent therewith. I might also point out that in most of those cases considered by the Attorney General and also the courts, where a position was involved which did not meet the requirements of an "office," that the decisions and opinions were based either upon the Civil Service statutes or the question of whether it was physically possible for one person to perform the functions of the two positions.

It seems only logical that in a situation where we are attempting to determine whether two positions are incompatible by reason of one being subordinate to the other, a check upon the other, or whether the person holding both can exercise independent judgment in connection with the discharge of his duties, that we must first determine whether he has the authority to exercise independent judgment or whether he is bound by the decisions of a superior.

The Supreme Court of Ohio, in the case of *State, ex rel. Attorney General,* v. *Jennings,* 57 Ohio St., 415, which was an action in quo warranto, held:

"2. To constitute a public office, against the incumbent of which quo warranto will lie, it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law, to be exercised by the incumbent, in virtue of his election or appointment to the office, thus created and defined, and not as a mere employe, subject to the direction and control of some one else."

Also in the case of *State, ex rel. Landis,* v. *County Commissioners,* 95 Ohio St., 157 at 159, the Court said:

"The chief and most decisive characteristic of a public office is determined by the quality of the duties with which the appointee is invested, and by the fact that such duties are conferred upon the appointee by law. If official duties are prescribed by statute and their performance involves the exercise of continuing, independent political or governmental functions, then the position is a public office and not an employment . . . It is no longer an open question in this state that to con-

stitute a public office . . . it is essential that certain independent public duties, a part of the sovereignty of the state, should be appointed to it by law.''

The question therefore, is whether a deputy sheriff is an ''officer'' in the sense that he exercises a part of the sovereignty of the state. The Circuit Court of Cuyahoga County in *State, ex rel. Binyon,* v. *Houck et al.,* 11 CC (NS), 414, held that a deputy coroner was not an ''officer.''

The Supreme Court of Ohio in the case of *State, ex rel. Milburn,* v. *Pethtel,* 153 Ohio St., 1, reiterated the rule that:

''A public officer, as distinguished from an employee, is one who is invested by law with a portion of the sovereignty of the state and who is authorized to exercise functions either of an executive, legislative, or judicial character.''

As to what is meant by ''sovereignty of the state'' the Court further held that:

''An appointee, upon whom the specific duties imposed by law are in relation to the exercise of the police powers of the state or in whom is vested independent power in the disposition of public property or authority to incur financial obligations upon the part of the county or state or to act in cases involving business or political dealings between individuals and the public, is thereby clothed with a part of the sovereignty of the state.''

There is no doubt that under this definition Township Trustees exercise part of the sovereignty of the state and are ''officers,'' but since a deputy sheriff has no independent authority or power in the disposition of property or to incur financial obligations upon the part of the county or state, or to act in cases involving business or political dealings between individuals and the public, has no independent duties except those given to the sheriff, is subject to direction and control of the sheriff, it would seem that the requirements are not met and that a deputy sheriff is not an ''officer.''

Assuming, however, for the sake of argument that a deputy sheriff is an officer, is there such a conflict of interest between that position and a township trustee that would make the two positions incompatible?

The Attorney General in Opinion No. 5565 rendered Aug. 1, 1955, held that the office of township trustee and director of

public safety in a city located in the township are compatible and may be held by one and the same person. This holding was in spite of the Attorney General's conclusions that a director of public safety and a township trustee were both public officers.

The holding was also in spite of Section 505.44, Revised Code, under which a township may contract with a municipality for fire protection. In this opinion the Attorney General, after quoting Section 505.44, Revised Code, concluded:

"The expression 'or other legislative bodies,' employed in a provision authorizing a contract by a municipal corporation, quite evidently has reference to the municipal council and evinces the intent that where a city is concerned such contract must first be authorized by the city council before the executive officers of the city may enter into it. Accordingly, even though the director of public safety should 'make' such a contract 'in the name of the city' as authorized in Chapter 737, Revised Code, with the township of which he is a trustee, it is clear that he has no *independent* power to do so, being subject in this regard to the direction and control of council. This possibility would not in my opinion involve such a division of loyalty on the part of the officer concerned as would make the two offices incompatible.

"Accordingly, in specific answer to your question, it is my opinion that the offices of township trustee and director of public safety in a city located in the township, are compatible and may be held by one and the same person."

We feel that this is the logic and the rule that should apply in this case rather than the opinion rendered by the Attorney General on June 27, 1961.

Since the law imposes no duty nor gives any authority to a deputy sheriff to contract for police protection under authority of Section 505.441, Revised Code, we can see no conflict of interest resulting from the provision authorizing the sheriff to contract with the township trustees for police protection which would make the position of deputy sheriff incompatible with that of township trustee.

We therefore conclude that the defendant, Chleo S. Wiltshire, did not forfeit his office of township trustee of Washington Township when he accepted the appointment as deputy sheriff of Scioto County, that there is therefore no vacancy on

the Board of Township Trustees of Washington Township resulting from the defendant, Chleo S. Wiltshire accepting the appointment as deputy sheriff of Scioto County or from serving as such deputy sheriff, and that the said Chleo S. Wiltshire may legally serve in both the office of Township Trustee of Washington Township and as deputy sheriff of Scioto County.

An entry may be prepared accordingly, saving plaintiffs' exceptions.