Herbert, J.
The nntraversed allegations of relator’s petition and those of the amended answer establish a fact pattern that clearly presents the issues arising in this litigation. In substance it appears that William Judd, on November 3, 1959, was elected to the office of member of the Forest Hills Local School District Board of Education of Hamilton County (hereinafter referred to as the local board) and was sworn in and qualified for such office on January 4, 1960.
On November 7,1961, Judd was elected to the office of member of the Board of Education of Hamilton County (hereinafter referred to as the county board) and was sworn in and qualified for that office on January 20, 1962. As of that date, and thereafter, he was the holder of two elected offices, the first being a member of the local board and the second or last being a member of the county board.
On November 12, 1962, the local board adopted a resolution declaring Judd ineligible to serve as a member of such local board inasmuch as he had been elected and qualified for the office of member of the county board, and that, therefore, a vacancy was created in the office of the local board. On the same date, the local board in such resolution appointed the respondent, Wolven, to fill the vacancy.
The relator contends that the adoption of the resolution by the local board was contrary to Section 3.07, Revised Code, and that the filling of such vacancy was not in compliance with Sections 3313.11 and 3313.85, Revised Code.
Relator’s motion for judgment on the pleadings presents a question of law.
We cannot agree with relator that Judd could only be removed under the provisions of Section 3.07, Revised Code. This cause requires exploration of the field of common law relative to incompatibility of offices, conflict of interest and public policy, particularly as there is no constitutional or statutory determination of the status of Judd.
Were the two offices held by Judd incompatible? By accepting office on the county board on January 20, 1962, did he *116 create a vacancy in Ms former office as a member of the local board?
In order to determine whether the two offices are incompatible or that there is or well eonld be a conflict of interest, it becomes necessary to refer to the statutes of Ohio setting out the duties and the powers of each class of school boards involved here.
Section 3313.85, Revised Code, in part provides that under certain conditions and situations the county board is required to take the place of and act as the board of education for the local district and to perform all the duties of the local board.
Section 3311.08, Revised Code, authorizes a local board to be exempt from the supervision of the county board by giving notice to the county board of education. In the exercise of judgment there, Judd would be in a difficult position. Would or should he vote to remove the local board from the supervision of the county board of which he was also a member?
Section 3311.22, Revised Code, in part provides that under certain circumstances the county board may transfer a part or all of a local school district to an adjoining school district.
Section 3311.26, Revised Code, provides that the county board may propose the creation of a new local school district from one or more existing school districts. This section continues in this language:
“When a new local school district is so created within a county school district a board of education for such newly created school district shall be appointed by the county board of education. * *
In Opinions of the Attorney General (1960), 432, Opinion No. 1491, under date of June 21, 1960, the Attorney General held that under the provisions of Section 3313.85, Revised Code, one person may not at the same time serve as a member of a county board of education and as a member of a local board of education in the same county.
44 Ohio Jurisprudence (2d), 524, Public Officers, Section 37, has the following to say:
“* * * One of the most important tests as to whether offices are incompatible is found in the principle that incompatibility is recognized whenever one office is subordinate to the other *117 in some of its important and principal duties, or is subject to supervision or control by tbe other * * # or is in any way a check upon the other, or where a contrariety and antagonism would result from an attempt by one person to discharge the duties of both. # * *
“One person may not hold two public offices where the duties of one may be so administered that favoritism and preference may be accorded the other, and result in the accomplishment of purposes and duties of the second position which otherwise could not be effected.”
The same authority, at page 527, Section 40, proceeds:
“The acceptance of a second office which is incompatible with one already held vacates the first, and this is true whether the incompatibility is based on the common law, or on a constitutional or statutory provision that an office becomes vacant when the incumbent accepts and undertakes to discharge the duties of an incompatible office.”
Recognizing the well settled law, the case of State, ex rel. Baden, v. Gibbons, 40 Ohio Law Reporter, 286, in headnote 7 says:
“The acceptance of a second office incompatible with one already held, vacates the first, and this is true whether the incompatibility is based on the common law or an expressed statutory direction. * * *.”
Allison v. Baynes, 65 Ohio Law Abs., 495, in the first headnote states:
“Offices are incompatible when one is subordinate to, or in any way a check upon the other * * *.”
42 American Jurisprudence, 986, Section 70, makes this observation:
“They [offices] are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant so that, because of a contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it improper for an incumbent to retain both. * * * If one office is superior to the other in some of its principal or important duties, so that the exercise of such duties may conflict, to the public detriment, with the *118 exercise of other important duties in the subordinate office, then the offices are incompatible.”
At page 937, Section 71, the same authority continues:
“One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, and subject in some degree to its supervisory power.”
It is our opinion that there did exist a marked incompatibility between the two offices attempted to be filled by Judd.
The statutes make the local board subordinate to the county board. The latter supervises the former. In some instances the county board takes over entirely the responsibilities and duties of the local board. The county board may even terminate the existence of the local board. There are other statutory examples of the predominance of the county board over the local board. By accepting membership on the county board of education, Judd vacated his first office — that of membership' on the local board of education. Accordingly, it is not necessary to utilize Section 3.07, Revised Code, to remove him from office. He removed himself.
We are in some doubt about the power of the local board to make its declaration of vacancy retroactive by almost three years, i. e., from November 12,1962, to November 3, 1959. However, it is our opinion that the local board recognized a vacancy in Judd’s office on November 12, 1962, and promptly filled it by the appointment of respondent, Wolven, pursuant to the provisions of Section 3313.11, Revised Code.
Relator’s motion for judgment on the pleadings is overruled. The court is advised by the relator that further proceedings are not contemplated, hence it is ordered that this action be and the same is hereby dismissed at relator’s cost.

Action dismissed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Gibson, JJ., concur.