IN RE COMPATIBILITY OF COUNTY DOG WARDEN AND VILLAGE MARSHAL.

(No. 84-CV-1007—Decided July 19, 1984.)

Court of Common Pleas of Van Wert County.

*Stephen E. Keister,* prosecuting attorney, for Van Wert Bd. of Commrs.

*Anthony J. Celebrezze, Jr.,* attorney general, *Kathleen McManus* and *Edwin Danila,* for Ohio Ethics Commission and Attorney General.

RINGLAND, J.[1] The prosecuting attorney on behalf of the Board of Commissioners for Van Wert County, Ohio, on January 17, 1984, filed a complaint for declaratory judgment seeking a declaration by this court that the positions of county dog warden and village marshal are compatible positions. Certified copies of the complaint were served upon the village of Convoy Council, the Ohio Ethics Commission and the Attorney General of Ohio. On February 16, 1984, the Attorney General filed a motion to dismiss the complaint for lack of jurisdiction and lack of a justiciable controversy. The Attorney General has voluntarily withdrawn his motion to dismiss at the joining of the warden, Keith Collin. Thus, the motion to dismiss is moot.

In turning to the main issue of the case, the starting point for analysis, the threshold question, is whether or not a dog warden is a public officer, for if the warden is not a public officer, the prohibition against occupying dual incompatible positions does not apply. See *Pistole* v. *Wiltshire* (C.P. 1961), 90 Ohio Law Abs. 525, 532 [22 O.O.2d 464]. R.C. 955.12 provides, *inter alia,* that a dog warden shall give a bond for faithful discharge of duties, shall have similar police powers as general law enforcement officers in the discharge of duties relating to dogs, and shall have the power to seize and impound certain dogs. Certainly, a position granted statutory police powers of a nature similar to those of law enforcement personnel and conferred with the power to seize the property of others may be said to be a "public office"; the position is clothed with the responsibility to discharge particular duties which are a part of the sovereignty of the state, relating to a public function in the interest of citizens. Further, that the statute mandates the giving of a bond in addition to the granting of police powers would indicate that the position is a public office. *State, ex rel. Atty. Gen.,* v. *Kennon* (1857), 7 Ohio St. 546; *Scofield* v. *Strain*

---

[1] Sitting by assignment in the Court of Common Pleas of Van Wert County.

(1943), 142 Ohio St. 290 [27 O.O. 236]. Thus the position of a dog warden, clothed with part of governmental sovereignty, is indeed a public office and therefore subject to the prohibition against occupying dual incompatible positions. In determining whether two offices are incompatible, the tests most frequently employed by the courts are whether the functions of the two positions are inconsistent, in that one is subordinate to the other, subject to the supervision or control by the other, or is in any way a check on the other, and whether, secondarily, it would be physically impossible for the officer to perform the duties of both offices. *Pistole, supra.* See, also, *State, ex rel. Hover,* v. *Wolven* (1963), 175 Ohio St. 114 [23 O.O.2d 399]; *State, ex rel. Welty,* v. *Outland* (1948), 149 Ohio St. 13 [36 O.O. 344]. In determining whether the positions of county dog warden and village marshal are incompatible, the factual pattern and analysis from the *Pistole* case, *supra,* provide a sound basis for comparison herein. In *Pistole,* the court was called upon to decide whether the positions of deputy sheriff and township trustee are incompatible offices. The court noted that as township trustees are elected and are responsible to their electorate, the citizens, and as deputy sheriffs are appointed by and serve at the pleasure of the sheriff, neither position is subordinate to the other, or serves as a check upon the other. The court found the positions to be compatible as they related to "entirely different fields." Neither position was subject to supervision or control of the other. Cf. *Wolven, supra* (local school board member position held incompatible with county school board member position; a person could not discharge impartially and effectively the duties of both offices).

Additionally, as to the question of whether the positions were incompatible for physical impossibility of perfor-

mance of the duties of both, the *Pistole* court found that per statute the township trustee position is restricted to a particular maximum number of days per year and thus could be categorized as a "part-time" job. The court stated:

"Therefore, unless we can say that the deputy sheriff owes all of his time to his employment, we cannot reach the conclusion that the two positions are incompatible by reason of it being physically impossible to perform both jobs. * * * It is very probable * * * that a deputy sheriff could perform his duties as a township trustee during the hours that he is off duty, and under those circumstances we could not conclude that it would be physically impossible for him to perform the requirements of both jobs." *Id.* at 531.

The *Pistole* court reached the conclusion that the positions were not incompatible, as they were not inconsistent and not physically impossible to perform.

As to the instant matter, the court finds that the positions of county dog warden and village marshal are not incompatible by reason of having inconsistent functions. R.C. 955.12 provides that a county dog warden is appointed or employed by the board of commissioners of the county; thus, it may be said that the dog warden serves at the pleasure of the board of commissioners. R.C. 737.15 provides that a village marshal is appointed by the mayor of the village, subject to approval by the village council. The village marshal may be removed by village council after it has conducted a hearing on charges filed by the mayor. It is not precisely true that the marshal serves at the pleasure of the mayor or of the council; rather, that the marshal may be removed only upon a finding of just cause reveals that he serves a broader public interest to the village.

While the duties of the marshal relate to law enforcement and suppres-

sion of riots and breaches of the peace by persons, the duties of a dog warden relate to the control and supervision of animals. The authority and duties of the two positions do not overlap and are in "entirely different fields," so that one position neither is subordinate to nor is a check upon the other or otherwise inconsistent in function to the other. The positions cannot be said to be incompatible for inconsistency of function.

The next step in determining whether the positions are incompatible requires an inquiry as to whether it would be physically impossible for one to discharge the duties of both positions. For reasons herein discussed, the court finds that the positions of dog warden for Van Wert County, Ohio, and village marshal are physically impossible to perform and therefore incompatible.

In *Pistole, supra,* the court opined that because the time constraints on the performance of duties of a deputy sheriff and a township trustee were such that the duties of one position could and in all likelihood would be performed during the off-duty hours of the other position, the positions were not incompatible for physical impossibility of performance. See *Pistole, supra,* at 531.

In the instant matter, however, the time contraints placed upon the dog warden of Van Wert County are such that the person in the position could not possibly discharge the duties of village marshal. The position description for the dog warden of Van Wert County reads as follows in pertinent part:

"On call 24 hours a day and answers calls as necessary. Works on a salary basis and has irregular work hours according to the work load. Sunday work is not necessary unless there is an emergency. All calls and complaints will be answered within a reasonable amount of time."

The court notes that nowhere does R.C. 955.12 require that a dog warden be on call twenty-four hours a day; yet the Board of Commissioners of Van Wert County has seen fit to establish a twenty-four hour on-call workday for its dog warden; thus one in the position of dog warden has no off-duty time in which to perform the duties of village marshal, unlike the situation in *Pistole* where the deputy sheriff had off-duty time in which to perform township trustee "part-time" duties. Thus, a person who is already employed as a village marshal, which is a full-time position in and of itself, could not possibly fulfill the twenty-four hour a day on-call duties required in the position of county dog warden. Therefore, for reason of physical impossibility of performance, the court declares that the position of dog warden of Van Wert County, Ohio is incompatible with the position of village marshal. See, also, 1928 Ohio Atty. Gen. Ops. No. 2013, at 991 (position of dog warden incompatible with position of village marshal); 1981 Ohio Atty. Gen. Ops. No. 81-010, at 2-31 (positions incompatible as a matter of law where obvious that one person could not adequately perform the duties of both positions). See, also, 1984 Ohio Atty. Gen. Ops. No. 84-070, at 2-224.

*Judgment accordingly.*