ANTOLINI, Appellant,

v.

**NEWTON FALLS TOWNSHIP JOINT FIRE DISTRICT et al., Appellees.**

[Cite as *Antolini v. Newton Falls Twp. Joint Fire
Dist.*, 157 Ohio App.3d 8, 2004-Ohio-1844.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2003–T–0062.

Decided April 9, 2004.

Morganstern, MacAdams & DeVito Co., L.P.A., and Michael A. Partlow, for
appellant.

Comstock, Springer & Wilson Co., L.P.A., and David C. Comstock Jr., for appellees Newton Falls Township Joint Fire District and George Prelac.

---

Diane V. Grendell, Judge.

{¶ 1} Mildred Antolini ("Antolini") appeals from the March 24, 2003 judgment entry of the Trumbull County Court of County Pleas granting Newton Falls Township Joint Fire District's ("Joint Fire District") and George Prelac's ("Prelac") (together, the "appellees") joint motion for summary judgment. For the reasons set forth below, we affirm the judgment of the trial court in this matter.

{¶ 2} Prelac was appointed fire chief of the already existing Joint Fire District in July 1999. At that time, Prelac was also serving as a member of the Newton Falls Township Board of Trustees ("Township Board"). At no time was Prelac a member of the Joint Fire District Board of Trustees ("District Board"). Prelac received monthly compensation for his service as fire chief.

{¶ 3} On August 5, 2002, Antolini filed a complaint against the Joint Fire District and Prelac, claiming that Prelac, as a member of the Township Board, could not receive compensation for his service as chief of the Joint Fire District. Antolini sought recovery of the funds paid to Prelac for his service as fire chief. The appellees filed a joint motion for summary judgment on January 31, 2003. Attached to this motion was an affidavit of Ella Johnson, clerk of the Joint Fire District. Antolini filed a response to the joint motion for summary judgment.

{¶ 4} On March 24, 2003, the trial court granted summary judgment in favor of the appellees. Antolini timely appealed from this decision and raises the following assignment of error:

{¶ 5} "The trial court erred in granting appellees' motion for summary judgment."

{¶ 6} In her sole assignment of error, Antolini argues that, because Prelac was a member of the Township Board, the only way he could also serve as fire chief for the Joint Fire District would be to do so without compensation in accordance with R.C. 505.011. Antolini further argues that conflicts exist between the two positions and that the fire chief of the Joint Fire District is subordinate to the Township Board.

{¶ 7} Summary judgment is appropriate when there is "no genuine issue as to any material fact [and] * * * reasonable minds can come to but one conclusion," which is adverse to the nonmoving party. Civ.R. 56(C). In reviewing a motion for summary judgment, the court must construe the evidence in favor of the nonmoving party. Id. Moreover, an appellate court conducts a de novo review of

the trial court's decision to grant summary judgment. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

{¶ 8} "A member of a board of township trustees may be appointed as a volunteer fireman and in such capacity be considered an employee of the township, * * * provided that such member shall not receive compensation for his services as a volunteer fireman." R.C. 505.011(A). "The fire chief of a township volunteer fire department is a volunteer fireman for purposes of R.C. 505.011." 1987 Ohio Atty.Gen.Ops. No. 87–084, paragraph one of the syllabus.

{¶ 9} Since the positions of township trustee and volunteer fireman for that same township are inherently incompatible, 1960 Ohio Atty.Gen.Ops. No. 1166, syllabus, "[t]he obvious purpose of R.C. 505.011 is to allow township trustees to serve their communities as volunteer firemen without jeopardizing their trustee-ship." 1978 Ohio Atty.Gen.Ops. No. 78–017, at 2–42. "[T]he language contained in [R.C. 505.011] was intended only to apply to trustees appointed by the township as volunteer firemen in the township fire department." 1990 Ohio Atty.Gen.Ops. No. 90–037. In other words, R.C. 505.011 applies only in situations where the township trustee is a volunteer fireman for the same township in which he or she is a trustee. In all other situations, a determination must be made regarding the compatibility of the two positions. See 2002 Ohio Atty.Gen.Ops. 02–039, at 2–248 ("It is well settled that a person may not serve simultaneously in two public positions when he is subject to an impermissible conflict of interest.").

{¶ 10} R.C. 505.371(A) permits townships and municipal corporations to form joint fire districts. A joint fire district is to be governed by a board of trustees, which is separate and distinct from the board of trustees of the participating townships and/or municipal corporations. R.C. 505.371(B). Thus, a joint fire district is a separate legal entity. 1985 Ohio Atty.Gen.Ops. No. 85–071, at 2–275.

{¶ 11} In this case, Prelac served as a trustee of the Township Board while simultaneously serving as fire chief for the Joint Fire District. Since the Joint Fire District is a separate legal entity from that of the township, we find that Prelac was not serving as volunteer fireman for the same township in which he was serving as township trustee. Thus, R.C. 505.011 is inapplicable, and we must now determine whether these positions are compatible.

{¶ 12} In so determining, we must first examine whether holding these positions is statutorily prohibited. See *Rose v. Wellsville* (1993), 63 Ohio Misc.2d 9, 17, 613 N.E.2d 262, citing *Pistole v. Wiltshire* (1961), 22 O.O.2d 464, 189 N.E.2d 654, 90 Ohio Law Abs. 525. "No officer or employee in the classified service of the state, the several counties, cities, and city school districts thereof, and civil service townships * * * shall * * * be an officer in any political organization or take part in politics other than to vote as the officer or employee pleases and to

express freely political opinions." R.C. 124.57(A). This language "prohibit[s] the holding of a partisan elective office by a classified civil servant." 1989 Ohio Atty.Gen.Ops.No. 89–076, at 2–351.

{¶ 13} In this case, because the members of the Township Board are elected officials, see R.C. 505.01, this position is not within the classified service of the township. See R.C. 124.11(A)(1). Moreover, because the fire chief of the Joint Fire District is appointed by the District Board, see R.C. 505.38(A), this position is also not within the classified service. See R.C. 124.11(A)(17); R.C. 505.38(C)(2). Thus, R.C. 124.57(A) does not preclude one person from holding both of these positions simultaneously. The record is devoid of any other statutory provision that would preclude such simultaneous service. Thus, we find that there is no statutory provision that would preclude Prelac from serving as fire chief of the Joint Fire District while also serving on the Township Board.

{¶ 14} Our examination regarding the compatibility of the positions, however, is not complete. We must now determine whether the common law prohibits Prelac from simultaneously holding the two positions. *Rose,* 63 Ohio Misc.2d at 17, 613 N.E.2d 262, citing *Pistole,* 189 N.E.2d 654, 90 Ohio Law Abs. 525. "Offices are considered incompatible when one is subordinate to, or in any way a check upon, the other; or when it is physically impossible for one person to discharge the duties of both." *State ex rel. Attorney–General v. Gebert* (1909), 12 Ohio C.C.(N.S.) 274, 275, 1909 WL 587. "The common law rule * * * also requires an examination of whether a person serving in two different public capacities is subject to a conflict of interest between the two positions." 1979 Ohio Atty.Gen.Ops. No. 79–111, at 2–367. Remote and speculative conflicts of interest, however, do not give rise to incompatibility. Id.

{¶ 15} In this case, Prelac was an elected member of the Township Board and, as such, his duties and responsibilities were to the people who elected him. Id. As fire chief of the Joint Fire District, Prelac was appointed by the District Board, see R.C. 505.38(A), and, as such, he was subordinate to the District Board but not to the Township Board. 1987 Ohio Atty.Gen.Ops. No. 87–084 (the fire chief is subordinate to the trustees that appoint him). Prelac, as a member of the Township Board, did not have appointive powers over the position of fire chief for the Joint Fire District. Thus, Prelac's position as fire chief for the Joint Fire District is not subordinate to his position as a member of the Township Board. See 1986 Ohio Atty.Gen.Ops. No. 86–030, at 2–154 (the positions of township trustee and fire chief "are independent of one another and neither official is responsible for assigning duties to, or supervising, the other"); see, also, 1984 Ohio Atty.Gen.Ops. No. 84–018, at 2–61 ("public officials who have appointive powers may not serve in a position over which they exercise such powers").

{¶ 16} In regards to whether it is physically possible for a person to serve as both fire chief and trustee, the General Assembly clearly intimated as much by specifically permitting such dual service in R.C. 505.011. Moreover, the fact that Prelac had served in both capacities prior to the lawsuit evinces that such dual service was physically possible. Further, Antolini neither claims nor submitted any evidence in her response to the appellees' motion for summary judgment to indicate that such simultaneous service was physically impossible. Thus, it is evident that Prelac could physically perform these dual services.

{¶ 17} Finally, we must decide whether simultaneously serving in both capacities would create a conflict. Generally, a township trustee and fire chief "may perform their respective duties independently and without conflict." 1986 Ohio Atty.Gen.Ops.No. 86–030, at 2–154. Since, as a member of the Township Board, Prelac would vote on the creation of a joint fire district, see R.C. 505.371(A), or the withdrawal from a joint fire district, see R.C. 505.371(D), it would seem that a potential conflict between the two positions could arise. However, in this case, the Joint Fire District had already been formed when Prelac was appointed by the District Board as fire chief. Thus, no conflict exists regarding the Township's decision to create the Joint Fire District, leaving the potential decision to withdraw from the Joint Fire District as the only possible conflict. This potential conflict, however, is so speculative and remote "so as not to render the two positions incompatible." 1986 Ohio Atty.Gen.Ops. No. 86–030, at 2–154. Moreover, this potential conflict could be remedied by having Prelac abstain from discussing and voting on the issue of whether to withdraw from the Joint Fire District if it ever arose while he was serving as fire chief. See id.; see, also, 1990 Ohio Atty.Gen.Ops. No. 90–037.

{¶ 18} For these reasons, we find that Prelac's positions as township trustee and fire chief for the Joint Fire District are compatible.

{¶ 19} For the foregoing reasons, we hold that Antolini's sole assignment of error is without merit. We affirm the judgment of the Trumbull County Court of Common Pleas.

Judgment affirmed.

WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.