DECISION AND JUDGMENT
{¶ 1} Relator, Jean Keating, initiated this action in mandamus seeking disclosure of certain documents alleged to be public records pursuant to R.C. 149.43(C)(1). Eventually, relator and respondents: Tom Skeldon, the Lucas County Dog Warden; David Mann, the Lucas County Public Affairs Liason; and John Borell, an Assistant *Page 2 
Lucas County Prosecuting Attorney; filed cross-motions for summary judgment. Respondents' motion for summary judgment includes their memorandum in opposition to relator's motion for summary judgment. In addition, relator filed a reply to respondents' motion for summary judgment. The following undisputed facts, as derived from the affidavits of Keating, Mann, Borrell, and Jessica Poupard, the Information Clerk for the Lucas County Dog Warden's Office, and the exhibits incorporated into the affidavits, are as follows.
 {¶ 2} In July 2008, relator contacted the Lucas County Commissioners' office seeking information found in public records related to the Lucas County Dog Warden's office. This call was forwarded to Mann who informed relator that he was not the person responsible for these records and that due to the lengthy number of requests it would facilitate matters by putting the requests in writing. Mann told relator that he would then forward her requests to the Lucas County Dog Warden's office. According to Mann, he also told appellant that Tom Skeldon was out of the country on vacation and that it was unlikely that his office would respond to her request until his return.
 {¶ 3} On July 23, 2008, relator, by means of e-mail, asked Mann to provide her with an opportunity to inspect 19 different types of records related to the operation of the Lucas County Dog Warden's office and its policies and procedures relative to the dogs impounded by the dog warden. Mann forwarded that e-mail to the dog warden's office. On August 12, 2008, Skeldon called relator to discuss her requests. He told her how some of the records were kept and informed her of the fact that it is the Lucas County *Page 3 
Auditor's office that has records relating to dog licensure. He agreed to have Poupard send relator the weekly reports that Skeldon submits to the Lucas County Commissioners. Skeldon further told her that he felt that he could satisfy her request for "bite reports." According to Keating, Skeldon also asked her to explain to him her motive for her requests.
 {¶ 4} On August 21, 2008, relator received an e-mail from Poupard informing her that eight pages of the requested records were ready to be "picked up" at a cost of 15 cents per page. Keating telephoned Mann and left a message questioning the per page cost of the records. On that same date, relator did obtain the eight pages, but indicated that they did not address what she requested. She also noted that the fee for copied paper records, as listed on the Lucas County Commissioners' website, is five cents.
 {¶ 5} According to Keating, as of September 1, 2008, none of the requested documents had been produced for her inspection. Therefore, she sent a letter to the Lucas County Commissioners asking for their assistance. On September 15, 2008, relator spoke with David Mann, who told her that someone from the dog warden's office would contact her within 24 hours. No one contacted relator. On September 24, 2008, relator again e-mailed her request for the 19 kinds of records to Mann, asking that the information be downloaded to computer disks and mailed to her by October 9, 2008. On September 25, 2008, Borell sent relator an e-mail informing her that the requested records would not even be gathered until she paid, in advance, the sum of $24,000 to Lucas County. Thereafter, relator again e-mailed a request to Borell in which she asked to inspect the *Page 4 
requested records on October 9, 2008. After waiting until after the October 9 date and receiving no response, relator filed the present action.
 {¶ 6} The standard applicable in determining a motion for summary judgment is found in Civ. R. 56(C). Pursuant to that standard, the party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Drescher v. Burt
(1996), 75 Ohio St.3d 280, 293. Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating that a genuine issue of material fact does exist. Id.
 {¶ 7} Information is a public record when it is information kept by any public office. R.C. 149.43(A)(1). Under the public records statute and upon request to the person responsible for the relevant public record, the requester has the right to inspect those records at a reasonable time and/or to obtain said records at a reasonable cost. R.C. 149.43(B)(1). "When statutes impose a duty on a particular official to oversee records, that official is the `person responsible'" within the meaning of the Public Records Act. Mothers Against Drunk Drivers,20 Ohio St.3d 30, paragraph two of the syllabus.
 {¶ 8} In the present case, David Mann avers in his affidavit:
 {¶ 9} "3. None of the records requested by the Relator were created or received by or came under the jurisdiction of the Lucas County Commissioners. Nor did any of *Page 5 
the records serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the Lucas County Commissioners.
 {¶ 10} "4. I was not the person responsible for the public records requested by the Relator, since I did not control the public's right to access these records nor did I have custody or control over these records."
 {¶ 11} John Borrell's affidavit reads, in pertinent part:
 {¶ 12} "1. I am an assistant Lucas County Prosecuting Attorney * * *. I have been appointed by, and am an employee of, the Lucas County Prosecuting Attorney, pursuant to R.C. 309.06.
 {¶ 13} "* * *
 {¶ 14} "4. None of the records requested by the Relator were created or received by or came under the jurisdiction of the Lucas County Prosecutor's Office. Not [sic] did any of the records serve to document the organization, functions, policies, decisions, procedures, operations, or other activities of the Lucas County prosecutors.
 {¶ 15} "5. I was not the person responsible for the public records requested by the Relator, since I did not control the public's right to access these records nor did I have custody or control of the requested records at the time of Relator's request.
 {¶ 16} "6. My involvement in this matter was solely in the capacity as counsel for the Lucas County Dog Warden. In that capacity, I advised the other respondents of their obligations, if any, under Ohio's public records act. I also coordinated the attempt to locate records in other Lucas County departments and agencies that would satisfy *Page 6 
relator's public request, even though relator had not made a public record request to any other agency or department. Specifically, there were no documents within the scope of Relator's request Nos. 2, 6, 8, 13, and 18. However, some of the information within the scope of these requests may be found in numerous other documents that may be within the possession and control of other offices and departments. Respondents did not control the public's right to access these records and did not have custody of the records at the time of relator's request."
 {¶ 17} While relator might have "believed" (as she vows in the affidavit in support of her reply memorandum/brief) that Mann and Borrell could provide her with the requested documents and swears that they never told her which persons were responsible for these public records, this is insufficient to create a question of fact on the issue of whether they were the persons responsible for the public records requested by Keating. Accordingly, respondents' motion for summary judgment as to David Mann and John Borrell is found well-taken. Relator's motion for summary judgment with regard to these individuals is denied.
 {¶ 18} Nonetheless, we conclude that, based upon the record before us, Tom Skeldon is the person responsible for some of the records requested by relator. It is undisputed that the dog warden's office is a county office and that the dog warden is a public official appointed by the board of county commissioners. See R.C. 955.12. See, also, In reCompatibility of County Dog Warden and Village Marshal (1984),19 Ohio Misc.2d 12. Therefore, at the very least, Skeldon, in fulfilling his duties as dog warden, *Page 7 
is required to maintain certain records. For example, under R.C. 955.12, a dog warden "shall make a record of all dogs owned, kept, and harbored in their respective counties." In addition, R.C. 955.12 further requires a dog warden or his deputies to "make weekly reports, in writing, to the board [of commissioners] in their respective counties of all dogs seized, impounded, redeemed, destroyed, and of all claims for damage to animals, fowl or poultry inflicted by dogs." Moreover, R.C. 955.16 (E) provides that: "[a] record of all dogs impounded, the disposition of the same, the owner's name and address, if known, and a statement of costs assessed against the dogs shall be kept by the poundkeeper, and the poundkeeper shall furnish a transcript thereof to the county treasurer quarterly."
 {¶ 19} A review of the evidence offered in support of and contra to the cross-motions for summary judgment reveals that Skeldon attempted to comply with relator's requests. In her affidavit, Poupard indicates that there are no documents held by the dog warden's office with regard to relator's request Nos. 1, 4, 5, 9, 10, 11, 12, 14, 15, and 19. She also avers that the dog warden does not have any "documents within the scope of Relator's requests Nos. 1, 2, 6, 8, 13[1], and 18. Poupard does swear, however, that Skeldon complied, as best he could, with request Nos. 3[2] and 13.
 {¶ 20} Notably, request No. 7, which asks for records of euthanized dogs including the costs incurred; request No. 16, which seeks information concerning the policies and *Page 8 
procedures regarding the scanning or examining of seized dogs for dog tags, microchips, licenses, and/or tattoos; and request No. 17, which demands records of the dog warden's yearly operating budget and expenditures, are not mentioned in Poupard's affidavit. Consequently, we are compelled to grant Keating's motion for summary judgment against the Lucas County Dog Warden, Tom Skeldon, and to deny Skeldon's motion for summary judgment. We, therefore, issue a writ of mandamus only as to the foregoing three requests, specifically, Nos. 7, 16, and 17, ordering Tom Skeldon in his capacity as the Lucas County Dog Warden to provide relator with an opportunity to inspect any records related to those requests and/or make copies of those records at cost, but only if the dog warden is the person responsible for those records. Skeldon is granted 20 days in which to comply with this order and to file with this court an affidavit stating that he has provided all records responsive to relator's request and identifying any exceptions that may apply to prevent the release of those records under the Public Records Act. Jean Keating's request for damages and attorney fees shall be held in abeyance until Skeldon complies with this writ. All motions pending prior to this decision are, thereby, rendered moot. It is so ordered.
 {¶ 21} The sheriff of Lucas County shall immediately serve, upon the respondent, Tom Skeldon, the Lucas County Dog Warden, by personal service, a copy of this writ pursuant to R.C. 2731.08.
COMPLAINT GRANTED, IN PART. *Page 9 
Peter M. Handwork, J., Mark L. Pietrykowski, J., and Arlene Singer, J., concur.
[1] No. 13, denoted as "m" by relator, asks for the record of seized and impounded dogs, a fact that should be set forth in the dog warden's weekly reports.
[2] No. 3, designated as "c" by relator asks for procedures, protocols or training for the dog warden and his employees on a number of related issues such as breed identification, identification of aggressive dogs, and the capture of aggressive dogs. *Page 1