The State, ex rel. Saxon, *v.* Kienzle.

(No. 39149—Decided December 8, 1965.)

*Mr. Nelson J. Cobb,* for relator.

*Mr. Norman J. Putman,* prosecuting attorney, *Mr. David D. Dowd, Jr.,* and *Mr. Malcolm M. Kienzle,* for respondent.

*Per Curiam.* There is no necessity in the instant case to determine whether the division of the township vacated the office of township trustee held by Burkett.

Section 503.24, Revised Code, relating to vacancies in the office of township trustee, provides as follows:

"If, by reason of the nonacceptance, death, or removal of a person chosen to an office in any township at the regular election, or if there is a vacancy from any other cause, the board

of township trustees shall appoint a person having the qualifications of an elector to fill such vacancy for the unexpired term. * * *.

"Wherever, in any township, a Municipal Court replaces the County Court and there is no board of township trustees, or if no appointment is made within thirty days after the occurrence of a vacancy on the board, the municipal judge or the presiding municipal judge if there is more than one, may fill vacancies on the board. In those townships wherein there are no judges of a County Court or municipal judges and there is no board of township trustees, or if no appointment is made within thirty days after the occurrence of a vacancy on the board, the probate judge may fill vacancies on such board."

Under the provisions of this section, vacancies are filled in the first instance by the board and, if the board fails to act or there is no board, by the Municipal Court or County Court.

In the absence of a statute to the contrary, any action by a board requires that a quorum participate therein, and that a majority of the quorum concur. *Merchant* v. *North,* 10 Ohio St. 251. See *State, ex rel. Cline,* v. *Trustees of Wilkesville Township,* 20 Ohio St. 288.

A single member does not constitute a board and, unless authorized by statute, cannot act as the board. The fact that all the offices but one on a board are vacant does not authorize the sole remaining member to act as the board.

There is no question in the instant case that Swigart acting alone appointed relator to his office.

If Swigart was the sole remaining member of the board, there was no board and he could not act as one; if there was a board, Swigart acting alone could not act for such board. His appointment of relator was, therefore, invalid.

The board having failed to act, then, under the provisions of Section 503.24, Revised Code, the duty of filling the vacancy was imposed on the Municipal Court. This is what occurred in the instant case, and respondent was appointed.

Respondent properly holds the office, and the writ is denied.

*Writ denied.*

Taft, C. J. Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.