ESLER *v.* SUMMIT COUNTY ET AL.*

(No. CV 84 1 0013—Decided March 4, 1985.)

Court of Common Pleas of Summit County.

*Alfred E. Schrader,* for plaintiff.
*Timothy Hartman* and *Donna Carr,* for defendants.

McFADDEN, J. Based upon the stipulations of facts by counsel for

---

* Reporter's Note: No appeal has been taken from the decision of the court.

plaintiff and counsel for defendants, together with a review of the reported federal and state case law on this matter, the court, being first fully informed, finds as follows:

I. Issue I: Statutory Prohibitions

A. Facts

1) The position of Springfield Township Trustee requires only that Boyd Esler vote as he pleases on matters before the Board of Trustees of Springfield Township; that he express freely his political opinions.

2) The position of Springfield Township Trustee is a non-partisan elected position.

3) Esler campaigned for office as Springfield Township Trustee in a non-partisan manner.

4) The decisions and duties of the Springfield Township Trustees are non-partisan in nature, and entail no greater political involvement by Esler than to vote as he pleases and to express freely his political opinions.

5) Even as a candidate for the position of Springfield Township Trustee, plaintiff, Boyd Esler, never solicited or received contributions for his candidacy.

6) The position of Springfield Township Trustee does not require plaintiff to be an officer in a political organization, nor will his continued service in the office of Springfield Township Trustee result in his being an officer in a political organization.

B. Law

R.C. 124.57 provides as follows:

"No officer or employee in the classified service of the state, the several counties, cities, and city school districts thereof, and civil service townships, shall directly or indirectly, orally or by letter, solicit or receive, or be in any manner concerned in soliciting or receiving any assessment, subscription, or contribution for any political party or for any candidate for

public office; nor shall any person solicit directly or indirectly, orally or by letter, or be in any manner concerned in soliciting any such assessment, contribution, or payment from any officer or employee in the classified service of the state and the several counties, cities, or city school districts thereof, or civil service townships; nor shall any officer or employee in the classified service of the state, the several counties, cities, and city school districts thereof, and civil service townships, be an officer in any political organization or take part in politics other than to vote as he pleases and to express freely his political opinions.''

For purposes of R.C. 124.57, the term ''political organization'' is not synonymous with political subdivision.

Springfield Township is a political subdivision. See R.C. 3501.01(T). By contrast, a ''political organization'' is an entity such as a political party, the purpose of which is to influence or affect the actions of a political subdivision.

Having so found, this case does not require this court to define further ''political organization'' for purposes of R.C. 124.57. That determination must, of necessity, be made on a case-by-case basis.

As used in R.C. 124.57, the word ''politics'' must be defined in the narrow partisan sense. *Heidtman* v. *Shaker Heights* (1955), 163 Ohio St. 109, 56 O.O. 171, 126 N.E. 2d 138.

A broader definition of ''politics'' for purposes of R.C. 124.57 would render that statute unconstitutional, as violative of freedom of speech under both the federal and state Constitutions. *Gray* v. *Toledo* (N.D. Ohio 1971), 323 F. Supp. 1281. See, also, *De Stefano* v. *Wilson* (1967), 97 N.J. Super. 592, 233 A. 2d 682.

Based on the foregoing stipulations and review of the statutes, case law and constitutional law, the court finds and orders as to Issue I:

On the facts of this case, R.C. 124.57 presents no bar to Esler's serving in both the classified civil service position of Chief Building Inspector of Summit County and the non-partisan elected office of Springfield Township Trustee.

As no other statutory prohibitions would preclude Esler from serving as Springfield Township Trustee and Chief Building Inspector of Summit County, the two positions are not incompatible on any statutory basis.

II. Issue II: Compatibility Analysis

This matter is before the court pursuant to an action by plaintiff seeking an order of the court declaring the positions of Springfield Township Trustee and Chief Building Inspector of Summit County to be compatible, thereby precluding defendants from removing plaintiff from his position as township trustee. Written briefs were submitted and testimony was presented to the court.

Certain standards have been set by case law and Attorney General opinions by which the court can determine the incompatibility of public positions. Such standards include whether either position is a check upon or subordinate to the other. *Pistole* v. *Wiltshire* (C.P. 1961), 90 Ohio Law Abs. 525, 22 O.O. 2d 464, 189 N.E. 2d 654. Other criteria include whether either position is classified pursuant to R.C. 124.57; whether the empowering statutes limit outside employment; whether one person can physically perform both functions; whether there is a conflict of interest; and whether there are any controlling ordinances or regulations. 1979 Ohio Atty. Gen. Ops. No. 79-111. The disputed points remaining herein are whether either position is a check

on the other and whether there exists any other conflict of interest.

The court in *Pistole* v. *Wiltshire, supra,* determined that one position cannot be subordinate to another if they are in entirely different fields. Applying that court's reasoning to the facts herein, this court finds that township trustees are responsible to the electors who placed them in office. Conversely, the chief county building inspector is appointed by and responsible to the county executive. Neither the chief county building inspector nor the township trustees have any direct responsibilities to or powers over the other. Under this fact situation, the possibility of responsibilities and duties overlapping is remote; therefore, the occasion for one position to have a check on the other would be rare.

In the past, the mere possibility of a conflict of interest was enough to render the positions incompatible. However, the standard presently is to look to the degree of remoteness of a potential conflict, the ability or inability to remove oneself from the conflict, whether one exercises decision-making authority in both positions, whether the conflict involves primary functions of each position and whether the conflict involves budgetary controls. Compatibility of Public Offices: Opinions of the Attorney General of Ohio 1904-1980 (1981 Supp.), at 3.

Although Esler may exercise decision-making authority in both positions, the possibility of a conflict arising as a result of those decisions and the possibility that such conflicts would involve either budgetary controls or the primary functions of either position, is unlikely and remote. In that unlikely event, Esler could abstain or step aside, thereby removing himself from the conflict.

Therefore, the court finds that, whereas neither position is subordinate to or a check upon the other, and the possibility of a conflict is, under these facts, very remote, the positions of Springfield Township Trustee and Chief Building Inspector of Summit County are not incompatible.

The court orders that the positions of Springfield Township Trustee and Chief Building Inspector of Summit County are compatible. Costs to defendant.

*Judgment for plaintiff.*