CHRONISTER *v.* TRUMBULL COUNTY PROSECUTING ATTORNEY.*

(No. 87-CV-1818—Decided March 23, 1988.)

Court of Common Pleas of Trumbull County.

*Thomas E. Carney,* for plaintiff.
*James J. Misocky,* for defendant.
*Alfred F. Schrader,* for intervenor Lois Davies.

———

* Reporter's Note: No appeal has been taken from the decision of the court.

FORD, J. The plaintiff, Rand Chronister, is a Deputy Auditor of Trumbull County. He has served in that office in various capacities since October 28, 1974. From 1974 to 1982, he served as an appraiser. For the next two and one-half years he worked in the transfer of deeds. Because of staff shortages, he has worked since as both appraiser and clerical supervisor. Various titles have been attributed to his work: appraiser, clerical supervisor, tax settlement supervisor and real estate clerk. He was elected Mecca Township Clerk in November 1987. The plaintiff has served on the Trumbull County Board of Revision during his period of employment as deputy auditor, and the county auditor has stated that he has the authority to require him to serve there or wherever needed.

Plaintiff requests this court to declare the two offices or employments compatible.

The court denies this request and declares the two offices incompatible.

The historic holding on compatibility is found in State, ex rel. Atty. Gen., v. Gebert (1909), 12 Ohio C.C. (N.S.) 274:

"Offices are considered incompatible when one is subordinate to, or in any way a check upon, the other; or when it is physically impossible for one person to discharge the duties of both. * * *"

There is a contention that since plaintiff is a classified employee, the two positions are incompatible. If plaintiff is classified and holds a leadership position in a political organization, this situation may go to the legality or propriety of his holding the post of deputy auditor. This situation does not dispose of the incompatibility issue.

Though it appears plaintiff ran a partisan campaign for the non-partisan office of township clerk, there is no law which prohibits an avowed Republican or an avowed Democrat from holding the office. The campaign may have been a reflection of the plaintiff's opinion that one does not often get elected in Mecca Township unless one is a Democrat. Further, plaintiff was both subtle and specific in not asking for a vote for a fellow Democrat.

There is no evidence that it is physically impossible for one person to discharge the duties of both offices or employments.

The incompatibility can and does arise under the proposition that one office is subordinate to or a check upon the other, or the corollary of that proposition, that there is a conflict of interest in the two positions.

Though it has been said in Esler v. Summit Cty. (1985), 39 Ohio Misc. 2d 8, 530 N.E. 2d 973, that the present standard is to look to the degree of remoteness of potential conflict, the ability or inability to remove oneself from the conflict, whether one exercises decision-making authority in both positions, whether the conflict involves primary functions of such position and whether the conflict involves budgetary controls, it appears this standard is merely an amplification or explanation of "subordinate to" or "check upon."

The plaintiff has, in the past, functioned in capacities as deputy auditor which serve as a check upon township clerks and officials. As township clerk he would function in situations which are subordinate to the county auditor. Certainly, there are conflicts which have arisen and will arise. Under the present facts, it is not remote that the auditor could and very probably would assign him duties which would conflict with his duties as township clerk. Further, the two positions demand loyalties which clearly conflict and have long-term effects regardless of the ability to remove oneself from the immediate conflict.

Further, the so-called present standard sends the judiciary upon the hazardous journey of determinations of remoteness, of ability to remove, of decision-making authority, of primary function and of budgetary controls. These are trips the judiciary should be most reluctant to take. The common-law rule of possible conflict equalling incompatibility is probably preferable.

The office of Mecca Township Clerk and the employment of this deputy county auditor are incompatible.[1]

The prosecuting attorney will prepare a judgment in conformity herewith.

*Judgment accordingly.*

ROBERT B. FORD, J., retired, of the Court of Common Pleas of Geauga County, sitting by assignment.

---

[1] See, also, 1949 Ohio Atty. Gen. Ops. No. 963; 1960 Ohio Atty. Gen. Ops. No. 1650.