DECISION AND JUDGMENT ENTRY
{¶ 1} This is an original action in quo warranto brought by the Scioto County Prosecutor, Relator, against Porter Township Trustee, John Murphy, Respondent.
 I. Respondent's Positions as Deputy Sheriff and Township Trustee {¶ 2} Respondent John Murphy was elected in a contested, general election to the office of Trustee of Porter Township, his term commencing on January 1, 2002. Prior to being elected, and at all times subsequent thereto, Respondent was employed as a deputy sheriff with the Scioto County Sheriff's Office. Respondent's position with the sheriff's office is a non-classified one, meaning he serves at the will of the Scioto County Sheriff. Also, Respondent is a supervisor with the office, holding the rank of Captain.
 {¶ 3} The Porter Township Board of Trustees consists of three members, and is statutorily enabled to contract with the sheriff's office for police services pursuant to R.C. 505.43, an action in which the board routinely engages. Before Respondent took office, the board sought the input of the Scioto County Prosecutor's Office regarding whether Respondent could legally hold both positions. The trustees were concerned about the legality of their decisions regarding the contracts with the sheriff's office, should one of their members be employed by the very department with whom they were negotiating and contracting.
 {¶ 4} The Scioto County Prosecutor subsequently sought a formal opinion from the Ohio Attorney General. That decision came one day before Respondent was scheduled to take office as township trustee. The decision from the Ohio Attorney General suggested that a conflict of interest did indeed exist.
 {¶ 5} Respondent took office as trustee on January 1, 2002, while maintaining his employment with the Scioto County Sheriff's Office. The board, of which Respondent was now a member, entered into negotiations with the sheriff's office. Evidently, Respondent abstained from participating in any matters associated with the contract issues between the township and the sheriff's office.
 II. The Quo Warranto Action {¶ 6} In January 2002, a resident of Scioto County requested that the Scioto County Prosecutor initiate a quo warranto action against Respondent and that Respondent forfeit his position as deputy sheriff and repay any salaries or benefits received while holding both positions.
 {¶ 7} In March 2002, Relator filed its complaint initiating a quo warranto action. Relator asserts that a conflict of interest exists between Respondent's duties as an elected township trustee and his duties and interests as a deputy sheriff with the Scioto County Sheriff's Office. Thus, Relator asks this Court to find that a conflict of interest exists and to remedy that conflict. As a remedy, Relator suggests that we remove Respondent from office as township trustee or that we declare that Respondent's actions as trustee operate as a forfeiture of his position as deputy sheriff with the Scioto County Sheriff's Office.
 {¶ 8} Respondent subsequently filed his answer, in which he denied the existence of a conflict of interest. Respondent further asked for a judgment upon the pleadings. Thereafter, this Court laid out a briefing schedule for the parties to follow.
 {¶ 9} Relator filed its brief asserting the existence of a conflict of interest between Respondent's positions as township trustee and deputy sheriff. Several exhibits were attached to Relator's brief adding material outside of the pleadings. The following exhibits were included with Relator's brief: (1) the correspondence between the township trustees and the Scioto County Prosecutor; (2) the correspondence between the prosecutor and the Ohio Attorney General's Office; (3) the formal opinion of the Ohio Attorney General; (4) the correspondence between the Scioto County resident seeking the quo warranto action and the prosecutor's office; and, (5) the four most recent contracts between the sheriff's department and the township.
 {¶ 10} Respondent subsequently filed his brief asserting that a conflict between his two positions did not exist. Respondent further asserted that his abstinence from participating in township matters concerning its contracts with the sheriff's office prevented any conflict from arising. Also, Respondent attached to his brief his own affidavit and an affidavit of the Scioto County Sheriff, Marty Donini. Respondent suggested that the motion for judgment on the pleadings should be addressed as a motion for summary judgment pursuant to Civ.R. 56 because of the addition of matters outside the pleadings by the parties.
 {¶ 11} Shortly thereafter, Relator filed a reply addressing issues raised in Respondent's brief. Relator did not object to, or take issue with, Respondent's suggestion that we address the motion as a motion for summary judgment.
 {¶ 12} Oral argument was held in the matter on September 19, 2002, at which time this Court informed the parties that we lacked the authority to convert Respondent's motion for judgment on the pleadings into a motion for summary judgment. See Temper v. Hahn (Apr. 15, 1993), Hocking App. No. 92CA2; Jenkins v. Goodyear Atomic Corp. (Aug. 27, 1986), Pike App. No. 389; Piersant v. Bryngelson (1989),61 Ohio App.3d 359, 572 N.E.2d 800; Pollack v. Watts (Aug. 10, 1998), 5th Dist. No. 97CA0084; Lawless v. Industrial Com'n of Ohio (Mar. 26, 1997), 1st Dist. No. C-960420; 380 East Town Assoc. v. Mangus (June 20, 1991), 10th Dist. No. 91AP-92. Accordingly, the parties agreed to enter into stipulations and submit the cause to the Court on briefs and exhibits for a decision on the merits.
 {¶ 13} An entry was subsequently filed instructing the parties to reduce their stipulations to writing and to submit those to the Court. On October 11, 2002, the parties filed their joint stipulation that provided that they stipulate "to any and all documents attached as exhibits to pleadings and/or briefs in this case, and further that the said exhibits and materials shall be considered as evidence in this action."
 {¶ 14} Finally, this Court filed an entry indicating to the parties our intent to decide the matter on the merits, based on the evidence submitted and stipulated to by the parties.
 III. Quo Warranto {¶ 15} "Quo warranto is an extraordinary remedy in which the legal right to hold office is challenged and a prerogative writ, which in Ohio owes its existence and scope to constitutional provisions as to the jurisdiction of the courts and to statutory provisions as to the subject of and procedure in the action." (Footnotes omitted.) See 79 Ohio Jurisprudence 3d (1987) 7, Quo Warranto, Section 2. R.C. 2733.01 provides in part that, "A civil action in quo warranto may be brought in the name of the state * * * [a]gainst a person who usurps, intrudes into, or unlawfully holds or exercises a public office, civil or military * * *."
 A. Incompatibility of Public Positions {¶ 16} Relator asserts that Respondent's positions as township trustee and deputy sheriff are incompatible. Under the common law, it is not impermissible per se for a person to hold two public offices. SeeState ex rel. Atty. Gen. v. Gebert (1909), 12 Ohio C.C. (N.S.) 274, 21 Ohio C.D. 355. However, "[i]n determining whether or not two positions or offices may be held by one person, [courts] are first bound by statutory prohibitions and second by common law." Pistole v. Wiltshire (1961), 90 Ohio Law Abs. 525, 189 N.E.2d 654.
 1. Statutory Prohibitions {¶ 17} R.C. 311.04 provides for the appointment of one or more deputies by the sheriff. However, R.C. 311.04 prohibits the appointment of a judge or mayor as a deputy sheriff, but not the appointment of a township trustee. See R.C. 311.04. Likewise, R.C. 3.11 prohibits a person from holding more than one of the several specified offices, but is facially inapplicable to the case sub judice. See R.C. 3.11. Based on our research, we can find no statutory prohibition against a person holding both the position of township trustee and deputy sheriff.[1]
Accordingly, our analysis involves only the Ohio common law on incompatibility of public positions or offices.
 2. Ohio Common-Law Test of Incompatibility {¶ 18} The basic Ohio common-law test of incompatibility was succinctly set forth in State ex rel. Atty. Gen. v. Gebert: "Offices are considered incompatible when one is subordinate to, or in any way a check upon, the other, or when it is physically impossible for one person to discharge the duties of both." See id.
 {¶ 19} In addition, if the possibility of a conflict of interest between two positions held by a single individual exists, where the conflict is unlikely and remote, the possible conflict is insufficient to render the position incompatible. See Esler v. Summit Cty. (1985),39 Ohio Misc.2d 8, 10, 530 N.E.2d 973.
 a. Applicability of Common-Law Incompatibility Test {¶ 20} Before addressing the facts of the case sub judice, we must resolve some confusion concerning the applicability of this common-law test of incompatibility.
 {¶ 21} Over the years, the compatibility of two public positions was usually resolved by determining whether one or both positions are a public "office." See In re Compatibility of Cty. Dog Warden and VillageMarshall (1984), 19 Ohio Misc.2d 12, 482 N.E.2d 1355; see, also, Rose v.Village of Wellsville (1993), 63 Ohio Misc.2d 9, 613 N.E.2d 262 (noting that many Ohio Attorney General Opinions found that the common-law incompatibility test was inapplicable to two positions of "public employment"). Thus, in order for two positions to be incompatible, both positions traditionally had to be "public offices." See 15 Ohio Jurisprudence 3d 38, Civil Servants, Section 105. To constitute a "public office," a position must have been endowed with a part of the sovereignty of the state and certain independent public duties by law. See Pistolev. Wilshire, supra, citing State ex rel. Atty. Gen. v. Jennings (1898),57 Ohio St. 415, 49 N.E. 404, paragraph two of the syllabus.
 {¶ 22} Nevertheless, the focus in recent cases and opinions of the Ohio Attorney General has been "the incompatibility of `functions' and not their designation as public `offices.'" See Rose v. Village ofWellsville, 63 Ohio Misc.2d 9, 18, 613 N.E.2d 262, citing to 1979 Ohio Atty.Gen.Ops. No. 111, 2-371; 1985 Ohio Atty.Gen.Ops. No. 042, 2-150 (stating that, "One person may not simultaneously hold two publicpositions if he would be subject to divided loyalties and conflicting duties or exposed to the temptation of acting other than in the best interest of the public." (Emphasis added.)); Chronister v. Trumbull Cty.Pros. Atty. (1988), 39 Ohio Misc.2d 10, 11, 531 N.E.2d 785; Esler v.Summit Cty., 39 Ohio Misc.2d 8, 530 N.E.2d 973 (discussing the compatibility of "public positions" rather than public offices).
 {¶ 23} Following this trend in authority, we find that the distinction between public "office," "position," or "employment" is irrelevant as to the applicability of the Ohio common-law incompatibility test. See Rose, Chronister, and Esler, supra; see, also, 1997 Ohio Atty.Gen.Ops. No. 97-061 (noting that the common-law incompatibility test is applicable to "positions of employment in public service" as well as public offices); 1979 Ohio Atty.Gen.Ops. No. 79-111 (discussing case law from other jurisdictions which held the distinction between public office and public employment irrelevant as to the issue of incompatibility). As long as both positions are in the public service, the common-law incompatibility test is applicable. But, cf., Pistole v. Wilshire, 90 Ohio Law Abs. 525, 189 N.E.2d 654, 658.
 b. Application of Common-Law Incompatibility Test {¶ 24} Accordingly, we must now determine whether either of Respondent's positions as deputy sheriff and township trustee are "subordinate to, or in any way a check upon, the other, or [whether] it is physically impossible for [Respondent] to discharge the duties of both."[2] See Gebert, supra.
 {¶ 25} Our analysis begins with a brief discussion of two authorities, which address the issue of whether the positions of deputy sheriff and township trustee are compatible. We then turn to an analysis of the case sub judice.
 1) 1961 Ohio Atty.Gen.Ops. No. 2311 {¶ 26} The prosecuting attorney for Guernsey County sought the opinion of the Ohio Attorney General regarding whether one person may simultaneously serve as a member of a board of township trustees and as a deputy sheriff in the same county. In addressing this issue, the Ohio Attorney General's Opinion applied the common-law incompatibility test, noting that the question to be answered was whether the person holding both positions could "exercise independent judgment in connection with the discharge of the duties thereof." See 1961 Ohio Atty.Gen.Ops. 2311. The Attorney General answered this question in the negative.
 {¶ 27} In finding that the positions of deputy sheriff and township trustee were incompatible, the Attorney General noted first that the deputy is an agent of the sheriff and that his duties are "in effect those duties prescribed by statute to be performed by the county sheriff." See id. Relying on R.C. 311.05, the Attorney General also noted that the sheriff is "responsible for the neglect of duty or misconduct in office of each of his deputies."[3] The Attorney General then turned to the duties and responsibilities of a township trustee, noting in particular R.C. 505.441[4], which provided that a board of township trustees could contract with a county sheriff for the provision of police services and police equipment.
 {¶ 28} The Attorney General concluded that, "Since it could be difficult for a township trustee to exercise independent judgment when contracting with the county sheriff to obtain police protection for the township which he serves, if at the same time such trustee is a deputy sheriff, I conclude that a conflict of interest exists between the two positions." See 1961 Ohio Atty.Gen.Ops. No. 2311.
 2) Pistole v. Wiltshire {¶ 29} In Pistole v. Wiltshire, supra, the Scioto County Court of Common Pleas was faced with the very same issue presented to the Ohio Attorney General in 1961 Ohio Atty.Gen.Ops. No. 2311. However, the court in Pistole reached a conclusion opposite the one reached by the Attorney General.
 {¶ 30} In concluding that the two positions were not incompatible, the Pistole Court relied heavily on the distinction between "public office" and "public employment", the very distinction, which we have already discussed and found to be immaterial to the application of the common-law compatibility test. See Pistole, supra.
 {¶ 31} Further, the court in Pistole found that even if a deputy sheriff were considered a "public office," the authority of a board of township trustees to contract with the county sheriff for the provision of police services did not create such a conflict of interest that the positions would be incompatible. In so finding, the court relied on the premise that the township trustees had the authority to contract with the county sheriff and not the deputies for police services. See id.
 3) The Case Sub Judice {¶ 32} Initially, we note that in the case sub judice, there are several factors present that were not found in the prior authorities, especially Pistole. First, in the present case, the Porter Township Board of Trustees is not only authorized to contract with the Scioto County Sheriff's Office for the provision of police services, the board historically has done so, routinely negotiating and ratifying those contracts, and presently has similar contracts in effect. Second, Respondent is a supervisor with the sheriff's office. Third, the language of the contracts between the Porter Township Board of Trustees and the Scioto County Sheriff's Office provides that the sheriff will furnish services under the contract "to the reasonable satisfaction of the Trustees." Fourth, during Respondent's present term as trustee, he has voluntarily abstained from debating and voting on issues pertaining to the contracts between the township and the county sheriff.
 {¶ 33} The foregoing factors render the decision in Pistole easily distinguishable. For instance, the Porter Township Board of Trustees has contracted, and continues to contract, with Respondent's employer for the provision of police services by the sheriff's deputies, including at least in part Respondent. Accordingly, Respondent is in a position to negotiate contracts with his boss, to whom he is subordinate, regarding quite possibly his own employment and services performed through the sheriff's department. Further, as township trustee, Respondent, per the language of the contract between the board and the sheriff, must evaluate whether the services rendered by the sheriff's office, including its deputies, are satisfactory. Clearly, this makes Respondent's township trustee position, at least in one way, "a check upon" his position as deputy sheriff. See Gebert, supra (holding that "[o]ffices are considered incompatible when one is * * * in any way a check upon the other" (Emphasis added.)) Thus, we are not inclined to follow the decision of the Pistole Court.
 {¶ 34} In addition, Respondent's dual positions create a conflict of interest. This conflict is not remote or unlikely, as demonstrated by Respondent's actions concerning this issue. By voluntarily refusing to debate, discuss, or vote on any matters concerning the Scioto County Sheriff's Office, Respondent demonstrates his understanding that by simultaneously holding the positions of township trustee and deputy sheriff he is placed in a position of having divided loyalties.[5]
 {¶ 35} Furthermore, we are unconvinced that Respondent's abstinence from matters concerning the Scioto County Sheriff's Office satisfactorily rectifies this conflict. By not participating in township matters concerning the Scioto County Sheriff's Office, Respondent may very well create a deadlock, precluding the board from efficiently conducting the township's business. Cf., State ex rel. Saxon v. Kienzle
(1965), 4 Ohio St.2d 47, 212 N.E.2d 604 (holding that, "In the absence of a statute to the contrary, any action by a board requires that a quorum participate therein, and that a majority of the quorum concur."); but, cf., Esler, supra (stating that in the unlikely event that a conflict arises between the plaintiff's positions as township trustee and county chief building inspector, plaintiff could "abstain or step aside, thereby removing himself from the conflict").
 {¶ 36} Accordingly, we find that under the current facts and circumstances, the opinion of the Ohio Attorney General in 1961 Ohio Atty.Gen.Ops. No. 2311 lends more support to the proper resolution of the case before us. Therefore, we find that in the present case, the positions of deputy sheriff and township trustee are incompatible.
 IV. Remedy {¶ 37} Generally, when a writ of quo warranto is granted, the proper remedy is the ouster of the person against whom the writ is sought from one of the incompatible positions. See State ex rel. Witten v.Ferguson (1947), 148 Ohio St. 702, 76 N.E.2d 886. "The principle is firmly established that the acceptance by an officer of a second office which is incompatible with the one already held is a vacation of the original office and amounts to an implied resignation or abandonment of the same." Id. at 707-708.
 {¶ 38} Although Respondent's acceptance of the office of township trustee may act as an implied resignation of his position as deputy sheriff, we find that the application of this remedy to the case sub judice is inequitable at this time. Accordingly, Respondent is granted thirty days from the filing date of this decision and judgment entry to cure the conflict of interest by choosing to retain one position and resign the other. However, should Respondent not cure the conflict of interest before the expiration of the thirty-day period, this Court will act to cure the conflict.
 V. Conclusion {¶ 39} Therefore, Relator's petition for a writ of quo warranto is granted.
WRIT GRANTED. Statutory costs herein taxed to the Respondent.
Evans, P.J., and Abele, J.: Concur in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
[1] As an aside, the parties to this case have stipulated that Respondent's position as deputy sheriff is an unclassified civil service position. Should Respondent's position with the Scioto County Sheriff's Department been a classified civil service position, he would be prohibited from seeking or holding the office of township trustee. See R.C. 124.57; see, also, State ex rel. Wolfe v. Delaware Cty. Bd. ofElections (2000), 88 Ohio St.3d 182, 186-187, 724 N.E.2d 771 (Pfeiffer, J. dissenting).
[2] At this point, we observe that Relator has not asserted that it is physically impossible for Respondent to perform the duties of both deputy sheriff and township trustee. Consequently, we need not address this element further.
[3] R.C. 311.05 was amended in 1983, limiting the circumstances under which a sheriff is responsible for the neglect and misconduct of his deputies to those situations where the sheriff ordered, had prior knowledge of, recklessly disregarded, or ratified the neglect or misconduct in office of his deputies. See R.C. 311.05.
[4] R.C. 505.441 has subsequently been repealed and replaced by R.C.505.43, which has similar provisions authorizing township boards of trustees to contract for the provision of police services from the county sheriff.
[5] At this point, we find it necessary to note that our analysis does not involve a review of Respondent's job performance in either position. The record contains no information critical of Respondent's service as a deputy sheriff or township trustee. This action only involves the legal question of whether the two positions held by Respondent are incompatible.