OPINION. *Page 2 
{¶ 1} The Monfort Supply Company applied to the Hamilton County Board of Zoning Appeals for a compatible nonconforming-use certificate. All but one member of the Board were recused from the case, preventing a quorum. The one remaining member heard the cause and denied the application. Monfort appealed to the court of common pleas under R.C. Chapter 2506. The trial court affirmed the board's decision. Monfort now appeals to this court.
 {¶ 2} Monfort operates a machine storage and repair facility on North Bend Road in Green Township, Hamilton County, as a nonconforming use under the Hamilton County Zoning Resolution ("the Zoning Resolution"). Monfort sought a compatible nonconforming-use certificate to expand and improve the nonconforming use.
 {¶ 3} The Zoning Resolution contains a procedure to regulate the continuation, expansion, and improvement of a nonconforming use, [1] as required by state statute.[2] Section 9-5 of the Zoning Resolution allows a property owner to apply to the board of zoning appeals for an expansion or improvement of a nonconforming use. The board must approve or deny the application in accordance with its public-hearing procedures, found in Chapter 22 of the Zoning Resolution.[3]
Section 22-4.5 of this chapter provides that the board's failure to render a decision within 120 days following the filing of a notice of appeal and within thirty days after the close of the public hearing constitutes a decision in favor of the applicant absent agreement by the applicant to a continuance. *Page 3 
 {¶ 4} The Hamilton County Board of Zoning Appeals is established under R.C. 303.13, Ohio's zoning-enabling act for counties. By statute, the board is comprised of five members and two alternates, [4] and these members must organize and adopt rules in accordance with the Zoning Resolution.[5] The Zoning Resolution provides that a quorum of the board is defined in the board's "Organization, Procedure and Rules and Regulations" ("the BZA Rules").[6] Under the BZA Rules, a quorum consists of three members.[7] The BZA Rules also provide that "the final disposition of every case shall be in the form of a written resolution" and that "the concurring vote of at least three (3) members shall be necessary to adopt the written Resolution finally disposing of a case."[8] The Zoning Resolution prevents a board member from participating in the hearing or disposition of any case in which that member has any conflict of interest prohibited by state law.[9]
 {¶ 5} When Monfort applied for the certificate on September 21, 2006, it was involved in two lawsuits concerning the property. One, filed by Monfort in federal court against all but one of the board members in their official capacities, was dismissed later that year. The second, an eminent-domain action filed by the Green Township Board of Trustees, remained pending. Monfort and the board members discussed a potential conflict of interest caused by the litigation at an October 2006 meeting. The case was continued after several board members indicated that they would have to be recused, leaving the board without a quorum. During the continuance, the board's administrator sought a legal opinion on how to proceed. *Page 4 
 {¶ 6} Four of the five regular board members and the only attending alternate member were recused from Monfort's case when it was recalled at a February 2007 meeting. Monfort proceeded with an evidentiary hearing before Mr. Beck, the sole nonrecused member. Beck orally denied Monfort's application at the end of the hearing and adopted a written resolution of denial a month later. The trial court affirmed the denial after Monfort administratively appealed. This appeal followed.
 {¶ 7} Monfort's challenge to the trial court's affirmance of the board's decision is based on the evidence presented at the hearing and two alleged defects arising from the board's procedure in disposing of its application. These defects include (1) hearing and deciding the case without a quorum and (2) failing to deem the application granted under Zoning Resolution Section 22-4.5, which provides for a decision in favor of an applicant where the board fails to render a decision within 120 days of the application unless the applicant agrees to an extension.
 {¶ 8} A special standard of review applies to R.C. Chapter 2506
administrative appeals. The court of common pleas considers the "whole record," including any new or additional evidence, and "determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."[10] But this court's power of review is limited to "questions of law."[11]
 {¶ 9} We first address Monfort's argument concerning the timeliness of the decision. Monfort contends that a decision should have been entered in its favor by *Page 5 
operation of law because the board failed to render a timely decision on its application as required by Section 22-4.5 of the Zoning Resolution, the "deemer" provision.[12]
 {¶ 10} The board does not challenge the section's bearing on Monfort's application. Instead, the board argues that Monfort agreed to a longer period of time, defeating the deemer provision.
 {¶ 11} The trial court rejected Monfort's argument, and we cannot say that the court's determination was contrary to law where the record contains ample evidence to support a finding that Monfort had agreed to extend the time for a decision. For example, at the board's December meeting, the board's administrator stated that he had received oral consent from Monfort's counsel to continue the case and that he was awaiting a written confirmation. The administrator later received a letter on behalf of Monfort acknowledging and not objecting to the continuance. Moreover, Monfort went forward with the February hearing and did not mention the deemer provision until its conclusion. Under these circumstances, Monfort's actions demonstrated an agreement to continue the case beyond the 120 days provided in the rule, and thus Monfort was not entitled to a decision in its favor on the timeliness issue. But Monfort's challenge based on the lack of a quorum is meritorious.
 {¶ 12} Monfort argues that where less than a quorum of the board heard and voted on its application for a compatible nonconforming-use certificate, the decision denying the certificate was void by operation of law. The board contends that a quorum was established for the Monfort hearing and vote, where five regular board members and an alternate attended the board's February meeting before the recusals took place. The *Page 6 
board, however, fails to cite any authority for this proposition, which contradicts its own conclusion and course of action at the October 2006 hearing.
 {¶ 13} A quorum is the number of board members necessary to transact business in the absence of the other members.[13] The board's own rules, consistent with the common law, require three members for a quorum.[14]
 {¶ 14} In this case, the board lacked a quorum to hear and decide the Monfort application. The four regular members of the board and the sole alternate were recused from the case, leaving only Beck to hear and decide the application. Because the board lacked a quorum to hear and decide the application, the "decision" of the board was invalid.
 {¶ 15} Although Monfort did not specifically challenge the board's decision on this basis before the trial court, the defect was not waivable because the board simply had no power to proceed without a quorum.[15] The trial court therefore erred by affirming Beck's denial of the compatible nonconforming-use certificate.
 {¶ 16} Accordingly, we reverse the trial court's judgment affirming the board's denial of Monfort's application. We remand the case to the trial court with instructions for the court to remand the case to the board for a new hearing on Monfort's application.
 {¶ 17} Our resolution of the case renders moot Monfort's remaining challenge to the board's decision.
Judgment reversed and cause remanded with instructions.
 SUNDERMANN, P. J., and HILDEBRANDT, J., concur. *Page 7 
 Please Note:
The court has recorded its own entry on the date of the release of this decision.
[1] Zoning Resolution Section 9-5.
[2] R.C. 303.19.
[3] Id.
[4] R.C. 303.13; Zoning Resolution Section 19-4.2.
[5] R.C. 303.15.
[6] Zoning Resolution Section 19-4.6.
[7] BZA Rules, Article II.
[8] BZA Rules, Article VII; Zoning Resolution Section 19-4.6.
[9] Zoning Resolution Section 19-4.7.
[10] Henley v. Bd. of Zoning Appeals, 90 Ohio St.3d 142, 147,2000-Ohio-493, 735 N.E.2d 433.
[11] Id.; R.C. 2506.04.
[12] Zoning Resolution Section 22-4.5. The Zoning Resolution has since been amended to allow for a longer period upon unanimous vote of the board.
[13] State ex rel. Cline v. Trustees of Wilkesville Twp. (1870),20 Ohio St. 288, 294. See, also, Black's Law Dictionary (8 Ed.Rev.2004) 1284.
[14] See 1999 Ohio Atty.Gen.Ops. No. 99-004, citing State ex rel.Saxon v. Kienzle (1965), 4 Ohio St.2d 47, 212 N.E.2d 604; In reSlavens (1957), 166 Ohio St. 285, 141 N.E.2d 887.
[15] See, generally, Kienzle, supra, at 48. *Page 1