[Cite as *Hubay v. Ohio Elections Comm.*, 2023-Ohio-4801.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Scott M. Hubay,                                              :

      Appellant-Appellant,                        :

                                No. 23AP-108

v.                                                              :       (C.P.C. No. 22CVF03-2004)

Ohio Elections Commission,                       :       (REGULAR CALENDAR)

      Appellee-Appellee.                            :

———————————

D E C I S I O N

Rendered on December 28, 2023

———————————

**On brief:** *Engel & Martin*, *LLC*, and *Joshua Adam Engel*, for appellant. **Argued:** *Joshua Adam Engel*.

**On brief:** *Dave Yost*, Attorney General, *Bryan B. Lee*, and *Andrew D. McCartney*, for appellee. **Argued:** *Andrew D. McCartney*.

———————————

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Appellant, Scott M. Hubay, appeals from a decision of the Franklin County Court of Common Pleas affirming an order of appellee, the Ohio Elections Commission ("commission"), sanctioning appellant for filing a frivolous complaint with the commission.

**I. Facts and Procedural History**

{¶ 2} On March 25, 2021, appellant filed a complaint with the commission concerning a mailer that was delivered in October 2020 to residents of Upper Arlington encouraging them to contact district leadership and vote against incumbent school board members over a proposed school district policy to include gender neutral bathrooms in renovated school buildings. As respondents, appellant's complaint listed 37 members of a

Facebook group that consisted mostly of parents residing in Upper Arlington who were concerned with school district policy.

{¶ 3} On June 24, 2021, the commission held a first hearing in which appellant testified in support of his complaint. Two commission members recused themselves from the case. After determining appellant named respondents based only on their involvement with a Facebook group, the commission voted 5-0 to dismiss the complaint. The commission then voted 4-1 to hold a future hearing to determine whether appellant's complaint was frivolous.

{¶ 4} On December 2, 2021, the commission met to determine whether appellant's complaint was frivolous. One member was absent, and two other members again recused themselves. The commission's chairman and executive director then discussed whether the commission had a quorum sufficient to act on appellant's complaint:

> CHAIRMAN CRITES: So the record should reflect that [two members] are recusing themselves.
>
> Do we have a quorum now?
>
> EXECUTIVE DIRECTOR: We started the meeting with a quorum. We only have four though, to act on this particular case.
>
> CHAIRMAN CRITES: Can we take action, though?
>
> EXECUTIVE DIRECTOR: I believe so. Yes, we've done it before.
>
> CHAIRMAN CRITES: Okay.
>
> EXECUTIVE DIRECTOR: The quorum was commenced with all members present.
>
> * * *
>
> EXECUTIVE DIRECTOR: The [c]ommission is obligated to meet with a quorum, which we did with six persons present, six of the seven. In order to take an action, though, the [c]ommission has to have four persons decide on a particular case * * *.

* * *

> EXECUTIVE DIRECTOR: We've got four of the seven present
> to take action, so it would just take an action by all four people
> to be so.

(Appellee's Brief, Ex. B, Dec. 2, 2021 Tr. at 3-5.)  At the close of the December 2, 2021 meeting, the commission voted 4-0 to find appellant's complaint was frivolous pursuant to R.C. 3517.155(E).

{¶ 5}  On February 10, 2022, the commission met to determine the amount of sanctions it would impose on appellant based on legal fees requested by various respondents.  The commission voted 5-0 to levy sanctions against appellant, charging a total of $4,369.00 in respondents' attorney fees and $553.35 in commission fees.  Lastly, the commission granted appellant's motion to stay the imposition of the fine pending an appeal.

{¶ 6}  Appellant filed a notice of appeal with the Franklin County Court of Common Pleas on March 29, 2022.  On January 25, 2023, the common pleas court affirmed the commission's order, finding it was in accordance with law and supported by reliable, probative, and substantial evidence.  Appellant filed a timely notice of appeal with this court on February 15, 2023.

## II. Assignment of Error

{¶ 7}  Appellant presents the following sole assignment of error for our review:

> The Trial Court committed reversible error in failing to
> conclude that the March 25, 2022 Order of the Ohio Elections
> Commission ("OEC") in *Hubay v. Bainbridge, et al.*, Case No.
> 2021G-OO3, was not supported by reliable, probative, and
> substantial evidence and was not in accordance with law.

## III. Analysis

{¶ 8}  R.C. 3517.157(D) and 119.12(A) permit a party adversely affected by a final order of the commission to file an appeal with the Franklin County Court of Common Pleas. *Cozad v. Ohio Elections Comm.*, 10th Dist. No. 22AP-312, 2023-Ohio-839, ¶ 10, citing *Gwinn v. Ohio Elections Comm.*, 187 Ohio App.3d 742, 2010-Ohio-1587, ¶ 10 (10th Dist.). In such an administrative appeal, the trial court considers the entire record to determine

whether an order is "supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12(N). "In applying this standard, the court must 'give due deference to the administrative resolution of evidentiary conflicts.' " *Nucklos v. State Med. Bd. of Ohio*, 10th Dist. No. 09AP-406, 2010-Ohio-2973, ¶ 5, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980).

{¶ 9} Our standard of review is more limited than that of the trial court. In an appeal from a trial court's decision on an administrative appeal, a court of appeals does not determine the weight of the evidence. *Id.* at ¶ 7, citing *Rossford Exempted Village School Dist. Bd. of Edn. v. State Board of Edn.*, 63 Ohio St.3d 705, 707 (1992). Rather, "this court's role is limited to determining whether the court of common pleas abused its discretion." *Id.*, citing *Roy v. State Med. Bd. of Ohio*, 80 Ohio App.3d 675, 680 (10th Dist.1992). "An abuse of discretion occurs when a trial court's discretionary judgment is unreasonable, arbitrary, or unconscionable." *Williams v. Am. Homes 4 Rent Mgt. Holdings, L.L.C.*, 10th Dist. No. 18AP-627, 2019-Ohio-3740, ¶ 27, citing *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, ¶ 12, and *State v. Meek*, 10th Dist. No. 16AP-549, 2017-Ohio-9258, ¶ 23.

{¶ 10} Our review is plenary, however, on the issue of whether the commission's order was in accordance with law. *Nucklos* at ¶ 7, citing *McGee v. Ohio State Bd. of Psychology*, 82 Ohio App.3d 301, 305 (10th Dist.1993), and *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 343 (1992).

{¶ 11} Appellant's sole assignment of error alleges both evidentiary and legal defects in the decision of the common pleas court affirming the commission's order. In asserting legal error below, appellant contends the commission did not have the requisite quorum present when it voted on December 2, 2021 to find appellant's complaint to be frivolous. Under state law, five of the seven members of the commission constitute a quorum. R.C. 3517.152(G)(3). Additionally, the commission may only take action by a majority vote of at least four members. R.C. 3517.152(G)(3); *Robinson v. Ohio Elections Comm.*, 10th Dist. No. 04AP-495, 2004-Ohio-6452, ¶ 10.

{¶ 12} Appellant contends quorum as established in R.C. 3517.152(G)(3) requires the participation of at least five members for the commission to take valid action. "Where

a term is not defined in the statute, it should be accorded its plain and ordinary meaning." (Internal quotations omitted.) *Thomas v. Logue*, 10th Dist. No. 21AP-385, 2022-Ohio-1603, ¶ 15, quoting *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, ¶ 17, citing *Sharp v. Union Carbide Corp.*, 38 Ohio St.3d 69, 70 (1988). We read statutory words and phrases in context and construe them based on the rules of grammar and common usage. R.C. 1.42. "In giving words their common, everyday meaning, it is common for a court to rely on dictionary definitions." *Id.*, citing *Centerville v. Knab*, 162 Ohio St.3d 623, 2020-Ohio-5219, ¶ 24, and *DLZ Corp. v. Ohio Dept. of Adm. Servs.*, 102 Ohio App.3d 777, 780 (10th Dist.1995). Black's Law Dictionary defines quorum as "the minimum number of members (a majority of all the members, unless otherwise specified in the governing documents) who must be present for a deliberative assembly to legally transact business." *Black's Law Dictionary* (10th Ed.2014).

{¶ 13} Similarly, Merriam-Webster defines quorum as "the minimum number of officers or members of a body that is required to be present at a given meeting (as to transact business)." Merriam-Webster, Quorum, https://www.merriam-webster.com/dictionary/quorum (accessed Dec. 28, 2023). The "common, everyday" meaning of quorum thus comports with appellant's understanding of the term. *Thomas* at ¶ 15. It is fundamental to the concept of a quorum that the members of the body be present at the critical juncture, such as at the time of the vote.

{¶ 14} Case law also supports appellant's interpretation. We previously found a commission "cannot act as a body without a quorum." *Am. Water Mgt. Servs., L.L.C. v. Div. of Oil & Gas Resources Mgt.*, 10th Dist. No. 17AP-145, 2018-Ohio-3028, ¶ 30. Without a quorum, the remaining members "ha[ve] no power to make any decisions on behalf of the commission." *Id.* Another court defined quorum as "the number of board members necessary to transact business in the absence of the other members." *Monfort Supply Co. v. Hamilton Cty. Bd. of Zoning Appeals*, 1st Dist. No. C-080048, 2008-Ohio-6829, ¶ 13. The board in that case lacked the requisite quorum to act because the "four regular members of the board and the sole alternate were recused from the case, leaving only [one board member] to hear and decide the application." *Id.* at ¶ 14. As a result, "the 'decision' of the board was invalid." *Id.* Generally, "[i]n the absence of a statute to the contrary, any

action by a board requires that a quorum participate therein, and that a majority of the quorum concur." *State ex rel. Saxon v. Kienzle*, 4 Ohio St.2d 47, 48 (1965), citing *Merchant v. North*, 10 Ohio St. 251, 257-58 (1859), and *State ex rel. Cline v. Trustees of Wilkesville Twp., Vinton Cty.*, 20 Ohio St. 288, 293-94 (1970). Other jurisdictions similarly apply this interpretation of quorum. *E.g., Chamber of Commerce of the United States v. Natl. Labor Relations Bd.*, 879 F.Supp.2d 18, 34 (D.C.Cir.2012) ("[A board member's] presence for and participation in other votes taken that day do not necessarily establish his presence for the vote in question. He must have been present for *this* vote to be counted toward *this* quorum.") (Emphasis sic.); *Cunningham v. Spens*, D.Or. No. 10-6109-HO, 2011 U.S. Dist. LEXIS 56010 (May 23, 2011) (After a board member of the Housing Authority of Douglas County, Oregon "abruptly" exited a public meeting, the meeting "ended for lack of a quorum."). The same concept applies in private board or corporate shareholder meetings. *E.g., In re Good Day Corp.*, E.D. Va. No. 05-11832-RGM, 2005 Bankr. LEXIS 3070 (Aug. 26, 2005) ("When [a shareholder] withdrew from the shareholder's meeting, the quorum was lost and any action taken by the remaining shareholders at their rump meeting was invalid."); *Leonard v. M.I.T. Employees' Union*, 225 F.Supp. 937, 938-40 (D.Mass.1964) ("Eight of the eleven members of the Executive Board were present at the start of the meeting, but before any action was taken on the charges [one member] disqualified himself and left the meeting, leaving only seven members of the Board present. * * * Since no quorum was present, the action of the board was invalid."). In all, the relevant case law supports appellant's understanding of quorum.

{¶ 15} In the present case, we conclude the statutory quorum requirement mandates the participation of at least five members at the time the commission acts. *See* R.C. 3517.152(G)(3). The commission's position that four members on their own could act at the behest of the commission is incorrect. R.C. 3517.152(G)(3) articulates the vote of four members is necessary to achieve a majority decision, but by law the vote of only four members is insufficient to constitute a quorum. R.C. 3517.152(G)(3) clearly requires a quorum of five commission members. Even though the December meeting in this case began with six members, the loss of quorum due to recusals rendered any subsequent commission action invalid. With only four voting members, the commission's vote finding

appellant's complaint frivolous was therefore invalid. Furthermore, having failed to properly determine whether appellant's complaint was frivolous, the commission's subsequent decision to impose sanctions against appellant was also necessarily invalid.

{¶ 16} Relatedly, the commission contends appellant waived the quorum issue by failing to object at the time of the vote or at the subsequent February meeting. Even absent an objection from appellant, the quorum issue is "not waivable because the [commission] simply had no power to proceed without a quorum." *Monfort Supply Co.* at ¶ 15. Simply put, it was not the responsibility of appellant to prevent the commission from acting without authority. For that reason, appellant did not waive the quorum issue by failing to object.

{¶ 17} Accordingly, to the extent appellant alleges the common pleas court erred in interpreting the quorum requirement of R.C. 3517.152(G)(3), we sustain appellant's sole assignment of error. Because we find the common pleas court erred as a matter of law, we need not reach appellant's further assertion that the court abused its discretion in finding the commission's order was supported by reliable, probative, and substantial evidence.

## IV. Conclusion

{¶ 18} Having sustained appellant's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment reversed;*
*cause remanded.*

LUPER SCHUSTER and EDELSTEIN JJ., concur.

————————————